HARRIET MAY TRIPP *vs.* ANNIE McCURDY.

Androscoggin.    Opinion March 10, 1922.

*The legal delivery of a deed requires both a manual transfer and an accompanying intent to pass title.    Delivery to a third person for the grantee without any reservation by the grantor of a right to recall is sufficient if the reception of the deed has been authorized by grantee, and when prior authority has not been given by the grantee to receive the deed, it is sufficient when grantee subsequently assents, and as the deed is for the benefit of the grantee such assent will be prima facie presumed.*

Whether or not delivery of a deed to a third person is absolute and irrevocable or qualified and revocable depends in the first instance upon the intention of the grantor, and that is to be gleaned from his words and acts at the time, the attendant circumstances and from his subsequent conduct.

Every word and act of the grantor, who has since died, in the instant case, are consistent with an absolute and unqualified delivery.

The fact that the third party was the attorney who drew the deed and had previously drafted certain wills for the grantor does not change the situation. If the grantor desired him to hold the deed for the use and benefit of the grantee and to deliver it to her as requested, there is no rule of law to prevent. That he did so desire is abundantly proved.

On report.    This is a real action to determine title to certain real estate in Lewiston formerly owned by Edwin B. Holbrook, now deceased.    On July 28th, 1920, said Edwin B. Holbrook executed a deed of said real estate wherein the plaintiff was grantee, and delivered the deed to Fred O. Watson, an attorney who drafted it, with instructions to deliver the same to grantee.    On August 9th, following, said Edwin B. Holbrook executed a will naming therein the defendant as residuary legatee and devisee.    The plaintiff was a resident of Massachusetts and not in Maine when the deed was executed.    Mr. Holbrook died soon after the execution of the will and a few days before the deed was actually received by the plaintiff named as grantee therein.    Plaintiff claims title under the deed.    Defendant contends that inasmuch as the deed was not actually received by the plaintiff into her own possession before the death of Mr. Holbrook, title did not pass to her, and that Mr. Holbrook still owned said real

estate at his death title to which passed to defendant under the residuary clause in the will. The plaintiff contended that there was a legal delivery of the deed. At the close of the testimony by agreement of the parties, the case was reported to the Law Court upon so much of the evidence as was legally competent. Judgment for plaintiff.

The case is fully stated in the opinion.

*Tascus Atwood,* for plaintiff.

*Pattangall & Locke, and Frank T. Powers,* for defendant.

SITTING: CORNISH, C. J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

CORNISH, C. J. Real action. Both parties claim title from Edwin B. Holbrook, the plaintiff as grantee under a deed dated July 28, 1920, the defendant as residuary devisee under a will dated August 9, 1920. The date of Mr. Holbrook's death does not appear in the case but evidently was shortly after the will was made.

The determining factor in the case is the delivery of the deed. If the delivery is held to be complete the plaintiff is entitled to recover, otherwise not. This deed was drafted by Mr. Fred O. Watson, an attorney of many years practice at the bar. He had previously made three wills for Mr. Holbrook and on July 28, 1920, made a fourth will and this deed. The grantee, Mrs. Tripp, was not present, her home being in Melrose, Massachusetts. What took place in Mr. Watson's office is described by him as follows: "At the time that I made the deed Mrs. Tripp was not there to receive the delivery. I explained to him that it was an important part that the deed must be delivered; and he said to me, 'Why can't you deliver it to Mrs. Tripp?' I told him that he could do so if he wished and that I would do as he requested."

"Q. What if anything was said about his notifying her?

A. He told me that he would write her a letter that I had the deed, and for me to deliver it to her.

Q. Were there any limitations or qualifications to your instructions to deliver the deed?

A. None whatever."

Did title thereby pass to Mrs. Tripp? The plaintiff claims that it did, while the defendant contends that as Mr. Watson had acted as attorney for the grantor in drawing the wills and this deed, he was in

law the agent of the grantor, his possession was therefore the grantor's possession, and as Mr. Watson did not deliver the deed to Mrs. Tripp until after the grantor's death, it was void because his agency had been revoked by the death.   No question of escrow is involved.

The generally accepted principles applicable to this case, deduced from a large number of cited cases, are stated thus:   "Delivery to a third person for the grantee without any reservation by the grantor of a right to recall it, is sufficient in law and effects a complete transfer of the title to the property. . . . .   But when the deed is placed in the hands of a third person as the agent, servant, friend or bailee of the grantor, for safe keeping only and not for delivery to the grantee, such transfer does not constitute a delivery, and the instrument fails for want of execution; and the same applies where the delivery is to the grantor's attorney to be delivered to the grantee on payment of the balance of the purchase money.   Nor can the agent or attorney make valid delivery after the grantor's death."   8 R. C. L., Page 991; *Mather* v. *Corliss*, 103 Mass., 568.   It is also settled that the delivery of a deed to a third person may be sufficient, although no prior authority had been given by the grantee to receive the deed, where the grantee subsequently assents, and as the deed is for the benefit of the grantee "such assent will be prima facie presumed."   18 C. J., 205; *Church* v. *Gilman*, 15 Wend., 656; *Hatch* v. *Hatch*, 9 Mass., 307; *Timothy* v. *Wright*, 8 Gray, 522.

The sharp and clean cut line that runs through the decisions, on the one side or the other of which the cases have fallen, is the intent of the grantor.   That is the controlling factor.   The question of legal delivery depends upon two facts, the act done and the purpose with which it is done.   *O'Kelly* v. *O'Kelly*, 8 Met., 436.   Delivery ordinarily comprises both.   There may be a manual transfer without intending to pass the title, the act without the intent, as in *Rhodes* v. *School District*, 30 Maine, 110, or there may be an intention to pass the title without a manual transfer, the intent never being consummated, as in *Dwinal* v. *Holmes*, 33 Maine, 172.   Each is futile.   It is equally futile if the delivery to a third party is accompanied by a reservation which retains in the grantor the right to withdraw the deed from the third party, as in *Brown* v. *Brown*, 66 Maine, 316.   In the present case the act was done when the grantor left the deed with Mr. Watson.   The questions for solution then are, with what intent

was that done, and in what capacity did Mr. Watson receive the deed?

Whether or not delivery to a third person is absolute and irrevocable or qualified and revocable depends in the first instance upon the intention of the grantor, and that is to be gleaned from his words and acts at the time, the attendant circumstances and from his subsequent conduct.

Following this guide in the case at bar, we find that the necessity of a legal delivery was brought to the attention of the grantor at the time by Mr. Watson, and the grantor inquired why he could not leave the deed with the scrivener to be delivered by him to the grantee. Mr. Watson replied that this could be done and he would do as requested. The fair interpretation of this conversation is that Mr. Holbrook unreservedly delivered the deed to Mr. Watson for the sole use and benefit of Mrs. Tripp and for no other purpose, and Mr. Watson accepted the trust and promised to fulfill it. The grantor thereby relinquished all control over the document and thenceforth regarded the deed as Mrs. Tripp's deed and the property as her property.

Confirming this view is the further statement made by the grantor at the time, that he would notify Mrs. Tripp of the transaction, which he did by letter dated August 1, so that the grantee was advised by the grantor of the conveyance before the grantor's death, and of the fact that Mr. Watson was holding the deed for her. Three days later, on August 4, he wrote her again, saying that after further reflection he doubted if he had disposed of his property as he should and in order to make a more just division perhaps he should give her only one half of the real estate and the other half to another relative and readjust the legacies to others. But he adds these significant words: "I have not been over to see Watson. I don't know as he will give me back the deed unless you tell him to. Now if you think I am trying to do right I wish you would write me soon and put in a note for him telling him to give me back the deed." This is conclusive evidence of Mr. Holbrook's view of the situation. In his mind he had put the deed beyond recall, and it could only be given back to him by Mr. Watson on an order from the grantee. It would have been a surprise to him to know that he was at liberty to go to Mr. Watson at any time and take back the instrument.

It further appears that Mrs. Tripp, after she was apprised of the conveyance by the letter of August 1, and of Mr. Holbrook's changed desires by his letter of August 4, wrote to him complying with his request and enclosing the suggested note to Mr. Watson, in which she gave him these directions: "Will you please transfer back to Mr. E. B. Holbrook any deed of property in which my name may be mentioned and if any legal papers are necessary for me to sign please send them and I will gladly sign them." This note arrived after Mr. Holbrook's death, so that no reconveyance was made or attempted. Nothing, however, can be clearer than that in the mind of all the parties the first conveyance was completed and only a reconveyance could get the title back into Mr. Holbrook.

Finally, when Mr. Holbrook made and executed his last will and testament on August 9th, no retransfer having been made, he made no mention whatever of this real estate, apparently recognizing that he had already conveyed it by deed. Nor did he mention Mrs. Tripp among the objects of his bounty, although she was a distant relative by marriage, apparently feeling that he had provided for her by this conveyance. In short, every word and act of the grantor, both at the time of the execution and delivery of the deed to Mr. Watson and subsequent thereto, are consistent with an absolute, unqualified and irrevocable delivery carrying with it the title to the property and are inconsistent with any other theory.

It remains to consider the question of agency. The mere fact that Mr. Watson drafted this deed and had drawn four wills for the grantor at various times did not per se disqualify him from receiving and holding this deed as any other third party might. Mr. Watson was in reality a scrivener rather than an attorney. Any Justice of the Peace could have drawn the instrument and he would not thereby be regarded as attorney of the grantor. But even if Mr. Watson be regarded as Mr. Holbrook's attorney, the legal situation remains unchanged. Agency is a question of fact. Such scrivener or attorney might be the agent of the grantor, or he might be created by the grantor a trustee or depositary for the grantee. The facts of each case must determine the question, and here, as we have already seen, there was no evidence of agency. If the grantor desired Mr. Watson to hold the deed for the use and benefit of the grantee and deliver it to her as requested, there is no rule of law which prevents, simply

because Mr. Watson drafted the deed itself.    That he did so desire is abundantly proved.

It is the opinion of the court that the deed was legally delivered, that title to the premises passed thereby to the grantee, and the entry must be,

*Judgment for plaintiff.*