**Lorraine ST. PIERRE**

v.

**Roger R. GRONDIN et al.**

Supreme Judicial Court of Maine.

Argued June 10, 1986.
Decided Aug. 21, 1986.

Arthur H. Dumas (orally), Sanford, for plaintiff.

Titcomb, Fenderson and Knight, Edward J. Titcomb (orally), Sanford, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

Plaintiff Lorraine St. Pierre appeals the declaratory judgment of the Superior Court (York County) fixing the location of a boundary between her land and that of her neighbors, defendants Roger and Donna Grondin. Plaintiff contends that the Superior Court erred in its choice of the controlling deeds and in its construction of those deeds.

Before it could declare the true location of the disputed boundary, the Superior Court had to determine whether the instrument controlling the boundaries of defendants' original parcel is an unrecorded deed executed on September 26, 1972, or a recorded deed executed on May 29, 1974. That determination turned on whether the grantor, the late Annette Plante, ever delivered the 1972 deed to the Grondins. The Superior Court found that Plante did deliver the 1972 deed to the Grondins and that it therefore controls the bounds of the original Plante-to-Grondin conveyance. Legal delivery of a deed requires that the grantor transfer the deed to or for the benefit of the grantee with the intent to vest that title in the grantee. *See Tripp v. McCurdy*, 121 Me. 194, 196, 116 A. 217, 218 (1922). *See generally* 4 H. Tiffany, *The Law of Real Property* § 1034 (1975); 8 G. Thompson, *Real Property* § 4225 (1963). The grantor's intention is a question of fact to be determined from his or her words and actions. That finding of fact will be disturbed on appeal only if clearly erroneous. M.R.Civ.P. 52.

Plante signed the 1972 deed in the presence of defendant Roger Grondin at the office of her attorney, who witnessed her signature. At trial in the case at bar, that same attorney testified without objection that that deed "was definitely delivered" by Plante to defendants. After the office transaction, the parties acted in a manner consistent with delivery of the 1972 deed. Defendant Roger Grondin paid for the attorney's services in preparing the deed. Two years later, in reliance on the 1972 conveyance, the Grondins sought a home mortgage on the land described in the deed. The record evidence amply supports the Superior Court's finding of fact that the 1972 deed was delivered.

On June 9, 1982, Plante executed another deed conveying an additional parcel of land to defendants. Both the 1972 deed and the 1982 deed contain ambiguities and obvious drafting errors. The Superior Court had the task of construing the language of both deeds in order to establish the location of the boundary between the

parcels now owned by the Grondins and plaintiff St. Pierre, who by devise holds title to the land retained by grantor Plante. *See Perkins v. Conary,* 295 A.2d 644, 646 (Me.1972). The construction of a deed to determine what are the boundaries is a matter of law. *See Rusha v. Little,* 309 A.2d 867, 869 (Me.1973). Judicial interpretation of a deed is governed by "the intention of the parties. To ascertain that intention [a court must] take the instrument as a whole and apply the positive rules of deed construction. In doing so, [the court must] resolve all ambiguities against the grantor and *in favor of the grantee."* *Kinney v. Central Maine Power Co.,* 403 A.2d 346, 349–50 (Me.1979) (citations omitted) (emphasis added).

 The Superior Court, applying those positive rules of deed construction, resolved the ambiguities and drafting errors in both deeds in favor of defendants as the grantees and against plaintiff, who stands in the place of grantor Plante. We conclude that the Superior Court's interpretation is not inconsistent with the intention of the grantor and the grantees. Plaintiff fails to demonstrate any error of law in the Superior Court's declaration of the location of the boundary between plaintiff's land and that of defendants.

The entry is:

Judgment affirmed.

All concurring.