**Zoya WALTER,**

v.

**Elaine GROVER.**

Supreme Judicial Court of Maine.

Argued March 18, 1988.
Decided April 15, 1988.

---

Guy P. Seaburg (orally), Damariscotta, for plaintiff.

Daniel L. Peabody (orally), Thompson & Peabody, Naples, for defendant.

Before McKUSICK, C.J., and NICHOLS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

CLIFFORD, Justice.

Elaine Grover, the defendant, the grantee named in a deed purporting to convey the Wiscasset residence of Zoya Walter, the plaintiff, appeals from a judgment of the Superior Court, Lincoln County, in favor of Walter on Count I of her complaint.[1] In its decision, the court determined that the deed, which Grover had recorded in the Registry of Deeds, had not been legally delivered to Grover and so did not effectuate a transfer of title to her. Grover's sole contention on appeal is that the evidence is insufficient to support the judgment. Because the trial court's finding that Walter did not intend to deliver the deed to Grover is supported by credible evidence in the record, we affirm.

A deed must be delivered in order for a conveyance of title to occur. *Paine v. Paine,* 458 A.2d 420, 421 (Me.1983). "[T]he term 'delivery' describes that point in time at which the parties manifest their intention to make the [deed] ... operative and effective...." *Id.* Legal delivery of a deed requires that the grantor transfer the deed to or for the benefit of the grantee with the intent to vest that title in the grantee. *St. Pierre v. Grondin,* 513 A.2d 1368, 1369 (Me.1986). The grantor's intention is a question of fact to be determined from his or her words and actions. *Id.* That determination of fact will be upheld on appeal unless it is clearly erroneous. *Harmon v. Emerson,* 425 A.2d 978, 982 (Me.1981); M.R.Civ.P. 52(a). We will not disturb the trial court's factfinding "that is supported by *any* credible evidence if the [factfinder] could rationally reach the result it did." *True v. Ladner,* 513 A.2d 257, 265 (Me.1986) (emphasis added).

The record before us contains ample credible evidence to support the Superior Court's determination that Zoya Walter did not intend to vest title in Elaine Grover when she gave her the executed deed. Just a few days before she gave the deed

1. Walter brought a four-count complaint against Grover seeking legal and equitable relief. Count I alleged that there was no legal delivery of the deed and fraud. Count II was a claim for conversion. Count III alleged intentional infliction of emotional distress, and Count IV alleged undue influence. The court found for Walter on Count I and for Grover on Counts II, III and IV.

to Grover, Walter had executed a will by which she devised her Wiscasset residence to Grover. Walter testified that she executed the deed to the same property at Grover's insistence, under the misapprehension that both the deed and the will would be required to effect a transfer of the property upon her death. Walter declined to record the deed herself when she learned at the Registry of Deeds that recording would effect an immediate transfer of her property. According to her testimony, Walter decided instead to give the executed deed to Grover for safekeeping and instructed the defendant not to record it. Grover recorded the deed later that day despite the plaintiff's instructions. This recording of the deed did not conclusively establish delivery of the deed, nor did it eliminate the need for proof that the deed had, in fact, been delivered. *Hood v. Hood,* 384 A.2d 706, 707–08 (Me.1978).

The entry is:

Judgment affirmed.

All concurring.