Roy L. LIETZ

v.

William G. BERRY, Jr., et al.

Supreme Judicial Court of Maine.

Argued May 5, 1988.
Decided June 30, 1988.

James S. Silsby (orally), Ellsworth, for plaintiff.

Michele M. Lataille (orally), Wayne P. Libhart, Ellsworth, Harold C. Hamilton, John F. Logan, II, Logan, Kurr & Hamilton, Bangor, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, SCOLNIK and CLIFFORD, JJ.

ROBERTS, Justice.

Roy Lietz appeals from a judgment of the Superior Court, Hancock County, that denied relief on Lietz's action to reform, on the ground of mutual mistake, a deed conveying land from Lietz to the defendants, William and Muriel Berry. Lietz challenges the court's finding that the Berrys were not mistaken as to the contents of the deed. Our review of the entire record discloses insufficient evidence to compel a finding of mutual mistake. Accordingly, we affirm the judgment of the Superior Court.

Walter Bisset, a real estate agent, learned of the Berrys' interest in buying a 14 acre parcel of land located in North Ellsworth and belonging to Lietz. Bissett obtained an exclusive listing agreement excluding a small portion of the 14 acres (the disputed area) that was occupied by Lietz's father and stepmother. Lietz had granted his father a life estate in this portion of the land and testified that he did not intend to sell it. Through Bisset's assistance, the parties entered into a purchase and sale agreement excluding the disputed area from the sale, but granting the Berrys a right of first refusal in the property should Lietz decide to sell it on the expiration of his father's life estate.

Thereafter, the Berrys' attorney advised them not to complete the transaction because Lietz's land was subject to expired tax liens held by the City of Ellsworth. Walter Bisset subsequently contacted the Berrys and informed them that the city would agree to release the land to Lietz only if he paid the back taxes and sold the entire property. Bisset asked the Berrys if they would allow Lietz's father to continue to have the life estate in the land he occupied. The Berrys agreed.

Lietz's attorney testified that he prepared the deed to transfer the land to the Berrys. The language of the deed did not exclude the disputed land from the sale. The attorney testified that his drafting error resulted in a transfer of the entire 14 acre parcel to the Berrys, subject only to the elder Lietz's life estate. Lietz did not realize that the deed conveyed the entire lot until after his father's death several months after the sale of the land. When the Berrys refused to reconvey the disputed portion of the land to Lietz, Lietz

brought the instant action for reformation of the deed.

 A party seeking to reform a written deed must prove mutual mistake of fact by clear and convincing evidence.[1] *Jones v. Carrier,* 473 A.2d 867, 869 (Me.1984); *Wolff v. Gibney,* 386 A.2d 325, 327–28 (Me. 1978); *Day v. McEwen,* 385 A.2d 790, 794 (Me.1978). *See Taylor v. Comm'r of Mental Health,* 481 A.2d 139, 149–150 (Me. 1984). *See also Blue Rock Industries v. Raymond Int'l, Inc.,* 325 A.2d 66, 77 n. 7 (Me.1974) (Unilateral mistake may be ground for rescission, but cannot justify alteration of terms of a contract); *Kennie v. City of Westbrook,* 254 A.2d 39, 42–43 (Me.1969) (same) (citations omitted); *Young v. McGown,* 62 Me. 56, 60–61 (1873).

 Both William and Muriel Berry testified that they read the deed at closing, understood it to convey the entire 14 acre parcel, and that they intended to purchase the entire parcel. Lietz testified that he did not understand the effect of the language in the deed. This evidence fails to compel a finding of mutual mistake. *Cf. Wildes v. Ocean Nat'l Bank of Kennebunk,* 498 A.2d 601, 603 (Me.1985) (Evidence fails to compel a finding of fraud). *See also Leighton v. Leighton,* 329 A.2d 164, 167 (Me.1974) (Due regard must be given to trial court's assessment of credibility of witnesses). Indeed, the testimony amply supports the court's contrary finding that the Berrys understood the contents of the deed. Because only one party misunderstood the effect of the deed, the remedy of reformation was properly denied.

The entry is:

Judgment affirmed.

All concurring.

---

1. When the factfinder determines that facts have been established by clear and convincing evidence, we examine the record to determine if the factfinder reasonably could have been persuaded that the required factual finding was or was not proved to be highly probable. *In Re Joseph P.,* 532 A.2d 1031, 1034 (Me.1987); *In Re John Joseph V.,* 500 A.2d 628, 629 (Me.1985); *Taylor v. Commissioner of Mental Health,* 481

---

A.2d 139, 153 (Me.1984). Because the Superior Court found that Lietz failed to meet his burden of proving mutual mistake by clear and convincing evidence, we review the entire record to determine if it contains sufficient evidence to compel a finding contrary to that made by the court. *See Wildes v. Ocean Nat'l Bank of Kennebunk,* 498 A.2d 601, 603 (Me.1985).