Frank A. BARTLETT

v.

Ronald Scott LINDAHL.

Supreme Judicial Court of Maine.

Argued May 4, 1989.
Decided June 16, 1989.

Wayne R. Crandall (orally) Crandall, Hanscom, Pease & Collins, Rockland, for plaintiff.

Joanne Kroll (orally), Stephen A. Little, Rockland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

CLIFFORD, Justice.

The defendant, Ronald Scott Lindahl, appeals from a judgment entered on Lindahl's counterclaim in favor of the plaintiff, Frank A. Bartlett, after a nonjury trial in Superior Court (Knox County, *Silsby, J.*). Finding no error, we affirm the judgment.

In 1979, Bartlett conveyed a parcel of land in South Thomaston to Lindahl. There was no survey of the property. The deed described the boundaries of the property and recited that it consisted of approximately forty acres. In exchange for the conveyance, Lindahl executed a mortgage in favor of Bartlett.

In 1987, Bartlett filed a complaint for foreclosure alleging that Lindahl failed to make payments on the mortgage. Lindahl filed an answer and counterclaim in which he alleged that there was a mutual mistake in the deed from Bartlett to Lindahl and that the land described in the deed was less than the parties had intended to convey. Lindahl sought an order reforming the deed to reflect what he alleged was the true intent of the parties to the conveyance.

The parties settled the mortgage foreclosure claim, but the counterclaim for reformation proceeded to a nonjury trial. At trial, Lindahl testified that he believed he had purchased from Bartlett all of the property still occupied by Bartlett west of a barbed wire fence. He testified that he and Bartlett had walked the boundary at the time of the conveyance and that Bartlett's intent was to convey all of his property west of the fence. Lindahl called as a witness Frederick E. Beal, a land surveyor. Beal testified that his daughter was interested in purchasing a one-acre lot from Lindahl, and that when he investigated to determine its location, he discovered that the property conveyed in the deed from Bartlett to Lindahl did not include the land that Lindahl thought he owned and wanted to convey to Beal's daughter. Beal testified as to conversations he had with Bartlett concerning the property intended to be conveyed. Beal did not prepare a survey of the property.

After Lindahl rested his case, the court granted Bartlett's motion for "a directed verdict" treated by the court as a motion for judgment under M.R.Civ.P. 50(d).[1] The court was not persuaded to a high probability that the Bartlett to Lindahl deed was the result of a mutual mistake. This appeal followed.

A party seeking judicial reformation of a written deed must prove mutual mistake of fact by clear and convincing evidence. *Lietz v. Berry*, 543 A.2d 367, 368 (Me.1988). Because Lindahl had the burden of proving mutual mistake, and did not prevail in the trial court, his appeal can succeed only if we conclude that the trial court was compelled to find mutual mistake to a high probability. *Grant's Farm Assocs., Inc. v. Town of Kittery*, 554 A.2d 799, 801 (Me.1989); *Taylor v. Comm'r of Mental Health*, 481 A.2d 139, 154 (Me. 1984).

Although there was testimony from Lindahl and from Beal that Bartlett acknowledged that some additional property west of the barbed wire fence was intended to be conveyed to Lindahl, the court found such evidence to be "vague and indefinite." Our review of the record demonstrates that the court's characterization was accurate. For example, on cross-examination, Lindahl admitted that he and Bartlett had walked along part of the property boundary, but had never walked around the entire perimeter. Beal's testimony about Bartlett's acknowledgment that he intended to convey to Lindahl addi-

---

**1.** M.R.Civ.P. 50(a) provides for a directed verdict in a jury trial. M.R.Civ.P. 50(d) allows the defendant to move for a judgment in a nonjury trial. Under Rule 50(d), the court can weigh the evidence and assess credibility. *See Leeber v.* *Deltona Corp.*, 546 A.2d 452, 456, nn. 7–8 (Me. 1988). The court in this nonjury trial correctly treated Bartlett's motion as one made under Rule 50(d). *Wyman v. Osteopathic Hospital of Maine, Inc.*, 493 A.2d 330, 333–34 (Me.1985).

tional property west of the barbed wire fence was based, in part at least, on Beal's interpretation of what Bartlett meant when he pointed out the location of certain boundaries. The strength of Lindahl's case depends on the credibility of Lindahl and Beal as witnesses. That credibility was for the court to assess under M.R.Civ.P. 50(d). *Wyman v. Osteopathic Hospital of Maine, Inc.*, 493 A.2d 330, 333 (Me.1985). We defer to the court's assessment of that credibility. Even though the testimony of Lindahl and Beal was not directly contradicted by evidence presented by Bartlett, the court was not required to accept it. *Qualey v. Fulton*, 422 A.2d 773, 775–76 (Me. 1980). Nor was the court compelled to find to a high probability that there was a mutual mistake in the deed conveying the property from Bartlett to Lindahl. *Luce v. Hoefler*, 464 A.2d 213, 215–16 (Me.1983).

The entry is:

Judgment affirmed.

All concurring.