**Virgil POLING**

v.

**Christina Poling NORTHUP, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 6, 1994.

Decided Jan. 17, 1995.

Jack M. Bernard, (orally), Philadelphia, PA, Michael T. Healy, Verrill & Dana, Portland, for plaintiff.

Barry K. Mills, (orally), Hale & Hamlin, Ellsworth, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN and CLIFFORD, JJ.

CLIFFORD, Justice.

Virgil Poling appeals from a judgment entered in the Superior Court (Hancock County, *Mead, J.*) in favor of defendants Christina Poling Northup, Susan Norberg, Colin Norberg, Timothy Norberg, Charles

Norberg, Elizabeth Scovil, David Northup and Amy Northup [1] following a nonjury trial. Because the trial court's findings are not clearly erroneous, we uphold its determination that the trust is valid and that Christina and Susan, as trustees, hold title to the property.

Virgil and his wife Edith [2] owned real estate on Little Deer Isle. In 1976, they created a realty trust.[3] The arrangement, designed by Colin, a tax and real estate attorney, consisted of the conveyance of the property to Virgil's two daughters as trustees and a lease of the property back to Virgil and Edith for renewable one-year terms. A warranty deed and a promissory note secured by a mortgage were executed by the parties at a family gathering on August 30, 1976. After the documents were signed, Virgil gave the deed to Colin to record, but Colin gave it back to Virgil to record. Virgil did not record the deed and mortgage until October 1984, when an attorney advised him that the property might not be considered to have been removed from his estate if the deed remained unrecorded and in his possession. After recordation, Virgil continued to retain the deed. In 1986, Virgil sought to sell part of the property. Susan's refusal to consent to the sale provoked this litigation.

Virgil raises a number of issues. His contentions that the acknowledgement on the deed was defective and that the trust violates the rule against perpetuities are without substantial merit and require no discussion. We address only his claims that the court misapprehended the meaning of the evidence in concluding that he delivered the deed to the defendants, and, if the deed was delivered, that it should be rescinded because the parties proceeded under a mutual mistake. We are unpersuaded by these arguments.

## I.

■ The conveyance of title to property requires a manual transfer of the deed and an intent to pass title between a grantor and grantee. *Paine v. Paine*, 458 A.2d 420, 421 (Me.1983); *see also Tripp v. McCurdy*, 121 Me. 194, 196, 116 A. 217 (1922) (question of legal delivery depends on act done and purpose with which done). The grantor's intent is the controlling factor, *Tripp*, 121 Me. at 196, 116 A. 217, and is a fact-based inquiry. A trial court's determination of the grantor's intent will be upheld on appeal if it is not clearly erroneous. *Walter v. Grover*, 540 A.2d 120, 121 (Me.1988); M.R.Civ.P. 52(a).

■ Here, the trial court specifically found that Virgil intended to create a trust for the benefit of his grandchildren by conveying the title to the property to his daughters as trustees, and that his intent was accomplished. More than enough credible evidence was presented to support this conclusion. *See Walter*, 540 A.2d at 121 (factfinding upheld if supported by any credible evidence). In addition to witness testimony regarding Virgil's desire to preserve the property for his grandchildren, Virgil's own actions were consistent with an understanding that he no longer owned the property. Virgil gave the deed to Colin for the purpose of having it recorded, forgave the payments due under the promissory note, and later recorded the deed and mortgage to insure that it not be considered a part of his estate. In addition, he sent letters to his grandchildren to inform them that the property was being transferred to them.

■ Virgil suggests that there was no manual transfer of the deed because Colin, to whom he gave the deed to be recorded, was his attorney and therefore his agent. *See Tripp*, 121 Me. at 196, 116 A. 217 (no delivery when deed given to third party as agent of

1. Christina Poling Northup and Susan Norberg are Virgil's daughters. Susan is married to Colin Norberg, with whom she has these children, Timothy Norberg, Chas. Norberg, and Elizabeth Scovil. David and Amy Northup are Christina's children. Their father, Christina's ex-husband, is not a party to this lawsuit. He was present at the time of the events in question and testified at the trial.

2. Edith Poling died in 1985.

3. The trust agreement provides that the real estate be held in trust for a period of thirty years or less, with any income generated for the benefit of the issue of Susan and Christina, or for the benefit of Susan and Christina if they have no issue. On termination of the trust, the property goes to the beneficiaries entitled to income.

grantor merely for safekeeping). We disagree. Even if Colin was acting as Virgil's attorney and agent, the controlling factor is the intent of the grantor, to be gleaned from the circumstances of the case. *Id.* If a deed is given to one's own attorney with the intent to relinquish control, that is enough to constitute delivery. *See id.* at 198, 116 A. 217 (mere fact that attorney drafted deed for grantor did not disqualify him from receiving deed on grantee's behalf). There is no per se rule that delivery of a deed cannot be made to one's own agent. *Id.* at 198–99, 116 A. 217.

## II.

 Virgil also contends that the transaction may be voided on the basis of a mutual mistake; he does not allege fraud or undue influence. Because Virgil had the burden to prove a mutual mistake, and because the trial court found against him on that issue, in order for Virgil to succeed on appeal, the record must demonstrate that the trial court was compelled to find a mutual mistake to a high probability. *Bartlett v. Lindahl,* 560 A.2d 563, 564 (Me.1989); *see also Lietz v. Berry,* 543 A.2d 367, 368 n. 1 (Me.1988) (inquiry is whether entire record contains sufficient evidence to compel a finding contrary to that of trial court). The evidence must demonstrate the existence of a mistake "reciprocal and common to both parties, where each alike labors under the misconception in respect to the terms of the written instrument." *Tarbox v. Tarbox,* 111 Me. 374, 380–81, 89 A. 194 (1914); *see DiBiase v. Universal Design & Builders, Inc.,* 473 A.2d 875, 878 (Me.1984) (mutual mistake occurs when the minds of the parties fall prey to same misconception). In addition, in order to warrant invalidation, the mistake must be material to the transaction. *Interstate Indus. Uniform Rental Serv., Inc. v. Couri Pontiac, Inc.,* 355 A.2d 913, 918 (Me.1976); *Stewart v. Ticonic Nat'l Bank,* 104 Me. 578, 586, 72 A. 741 (1908).

 The trial court did not find that Virgil was the victim of a mutual mistake, much less find it to a high probability. *See Lietz,* 543 A.2d at 368 (standard of proof for party seeking to reform written deed is clear and convincing). To the contrary, the court found that Virgil was a willing and informed participant in a transaction whose primary purpose was to preserve the property for his grandchildren.[4] Despite the apparent truth of Virgil's argument that he could have safeguarded the property as a family gathering place in ways other than the real estate transaction, the existence of less complex alternatives does not negate a finding that he intended to benefit his grandchildren. The court also found that obtaining potential tax benefits was contemplated. There is no inconsistency in the court's conclusion that Virgil attempted, albeit unsuccessfully, to craft an arrangement that would achieve tax savings, while meeting his primary goal of benefitting his grandchildren.

Moreover, even if we assume Virgil was mistaken as to the tax consequences, he failed to present evidence that the grantees were similarly mistaken. The testimony offered at trial points to the opposite conclusion. The grantees understood the transaction to preserve the property, in one piece, for Virgil's grandchildren, and that potential tax savings were not a significant factor in the decision. When only one party suffers from a misunderstanding, no mistake will be found. *Lietz,* 543 A.2d at 368 (no mutual mistake when one party understood contents of deed). Our review of the record does not reveal evidence sufficient to compel a different result. *Id.* at 368 & n. 1. Accordingly, we affirm the judgment.

The entry is:

Judgment affirmed.

All concurring.

---

4. It should also be noted that Virgil was not the only grantor of the trust. Edith's intent, as cograntor, was equally important. The trial court found that Edith intended that the property be held in trust for the benefit of the grandchildren and that she was not mistaken or misled regarding the result of the transaction. This finding, amply supported by the evidence, has not been addressed or challenged by Virgil.