STATE OF MAINE                          SUPERIOR COURT
YORK, ss.                               CIVIL ACTION
                                        DOCKET NO. ALFSC-RE-18-002


BUCK A. PIERCE,                    )
                                   )
            Plaintiff,             )
                                   )        ORDER ON PLAINTIFF'S MOTION FOR
      v.                           )            PARTIAL SUMMARY JUDGMENT
                                   )
CALLEEN M. BRADLEY, JUDE J.        )
BRADLEY, and DONNA M.              )
BRADLEY,                           )
                                   )
            Defendants.            )

Plaintiff Buck A. Pierce brought a nine-count complaint against Defendants, Calleen M.

Bradley, Jude J. Bradley, and Donna M. Bradley, seeking, *inter alia* declaratory judgments

stating that he owns a certain parcel of real estate free and clear of any claims by Defendant

Calleen Bradley (Count I) or Jude and Donna Bradley (Count II).  (Pl.'s 1st Am. Compl.)  Pierce

now moves, pursuant to M.R. Civ. P. 56, for summary judgment in his favor on Count I of his

First Amended Complaint.

## I.    Summary Judgment Factual Record and Procedural History

This dispute centers around a parcel of real estate located at 844 Garvin Road, Acton, ME

("the premises"), where Plaintiff resided beginning in 2005.  (PSMF ¶¶ 1-2.)  Defendant Calleen

Bradley was Plaintiff's intimate partner and lived with Plaintiff at the premises starting in 2016.

In 2017, the Snyder Living Trust foreclosed on the premises, and Calleen Bradley

purchased the premises at the foreclosure sale.  (PSMF ¶¶ 3-5.)  The deed from the Snyder

Living Trust to Calleen, dated June 29, 2017, was recorded in the York County Registry of

Deeds at Book 17507, Page 196.  (PSMF ¶ 5.)

1

On August 22, 2017, Calleen executed a deed conveying the premises to Buck. (PSMF ¶ 6.) The deed was signed by Calleen, acknowledged before a notary public, and delivered to Buck, who accepted it. (PSMF ¶¶ 7-8.) Buck did not immediately record the deed, which is now recorded in the York County Registry of Deeds at Book 17507, Page 17507. (PSMF ¶ 9; Ex. A to Pierce Aff.) On December 15, 2017, Calleen executed a deed conveying the premises to herself and her parents, Defendants Jude and Donna Bradley as joint tenants. (PSMF ¶ 11.) This deed was recorded in the Registry of Deeds at Book 17627, Page 23. (PSMF ¶ 10.) At the time of the conveyance, Jude and Donna had notice of the prior conveyance from Calleen to Buck. (PSMF ¶¶ 13-14.)

On December 28, 2017, Calleen obtained a temporary protection from abuse order against Buck that gave her possession of the premises. (PSMF ¶ 15.) A final Order for Protection from abuse was entered on September 21, 2018, which made the right to possession of the premises contingent upon the outcome of the present litigation. (PSMF ¶ 16.)

Defendants assert, without appropriate record citation (*see* M.R. Civ. P. 56(h)(2), (4)), that: the terms of the mortgage note prohibited Mr. Pierce from assuming Calleen Bradley's obligations without the express consent of the note holder/mortgagee; the note holder did not consent to any assumption by Mr. Pierce; the mortgage note does not permit Mr. Pierce to satisfy its terms; that the August 22, 2017 deed to Buck Pierce was the product of threats to the safety of Calleen Bradley and her family; Buck Pierce was responsible for the preparation and execution of the August 22, 2017 deed; and Mr. Pierce failed to provide consideration for the transfer of title to the premises. (DSMF ¶¶ 4-11.)[1]

---

[1] Appended to Defendants' Statement of Material Facts are copies of Calleen Bradley's Complaint for Protection from Abuse, dated December 28, 2017, alleging instances of abuse that occurred "over the past few weeks"; and copies of the mortgage and note Calleen Bradley executed with respect to the premises in favor of Residential Mortgage Services, Inc. on June 30, 2017.

2

Defendants answered Plaintiff's Complaint on February 12, 2018, denying the bulk of Plaintiff's allegations and asserting as affirmative defenses (1) the doctrines of equitable and promissory estoppel, waiver, and unclean hands, (2) that "Plaintiffs claims are barred by his own recent contact and failure of consideration[,]" and (3) the Statute of Frauds. (Defs.' Answer to 1st Am. Compl, at 7.)

## II.  Discussion

### A.  Standard

Summary judgment is proper where no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Stanley v. Hancock County Comm'rs*, 2004 ME 157, ¶ 13, 864 A.2d 169; *Levine v. R.B.K. Caly Corp.*, 2001 ME 77, ¶ 4, 770 A.2d 653; M.R. Civ. P. 56(c). A material fact is "one that can affect the outcome of the case." *Dyer v. DOT*, 2008 ME 106, ¶ 14, 951 A.2d 821. A genuine issue is raised when sufficient evidence requires a fact-finder to "choose between competing versions of the truth." *Id.* (quoting *Farrington's Owners' Ass'n v. Conway Lake Resorts, Inc.*, 2005 ME 93, ¶ 9, 878 A.2d 504). When material facts are in dispute, the dispute must be resolved through fact-finding at trial. *Curtis v. Porter*, 2001 ME 158, ¶ 7, 784 A.2d 18. A party seeking to avoid summary judgment must present a prima facie case for the claim or defense that is asserted. *See Reliance Nat'l Indem. v. Knowles Indus. Svcs.*, 2005 ME 29, ¶ 9, 868 A.2d 220; *Doyle v. Dep't of Human Servs.*, 2003 ME 61, ¶ 9, 824 A.2d 48.

### B.  Analysis

Plaintiff argues, based on the undisputed factual record, that he is entitled to a declaratory judgment stating that he is seized of the premises free and clear of any and all claims of Defendant Calleen Bradley.

3

Defendants oppose Plaintiff's motion, arguing (1) the purported deed conveying the premises from Calleen Bradley to Buck Pierce was the product of duress and undue influence, (2) the terms of Calleen Bradley's mortgage prohibited the conveyance of the premises to Buck Pierce, and (3) any transaction between the parties fails for lack of consideration.

### 1. Plaintiff has adduced *prima facie* evidence establishing the validity of the August 22, 2017 deed.

"Maine's recording statute, which provides that unrecorded conveyances are ineffectual against anyone other than the grantor and persons having actual notice . . . is applicable only to competing conveyances of the same property." *Bartlett v. Pullen*, 586 A.2d 1263, 1265 (Me. 1991). Here, Defendants have not refuted the Plaintiff's assertions that Jude and Donna Bradley had actual notice of the August 22, 2017 deed at the time Calleen executed the subsequent December 15, 2017 deed. Accordingly, the fact that Calleen, Jude, and Donna recorded the December 15th deed does not affect the validity of the August 22, 2017 conveyance.

"The conveyance of title to property requires a manual transfer of the deed and an intent to pass title between a grantor and grantee." *Waxler v. Waxler*, 1997 ME 190, ¶ 6, 699 A.2d 1161 (quoting *Poling v. Northup*, 652 A.2d 1114, 1115 (Me. 1995)). "When the physical possession of a deed is transferred from one party to another, there is a presumption that 'both parties intended to effect an immediate transfer of the title, in accordance with the terms of the deed.'" *Id.* ¶ 8 (quoting *Coombs v. Fessenden*, 116 Me. 304, 306, 101 A. 465 (1917)).

Here, Defendants have done nothing to refute the facts asserted by Plaintiff which establish that Calleen Bradley executed the August 22, 2017 deed to Buck Pierce, and Buck Pierce took physical possession of it. As such, Mr. Pierce is entitled to the presumption that Calleen intended to immediately transfer title upon delivery of the deed to Buck and he is

4

entitled to summary judgment in his favor unless Defendants have adduced evidence that would otherwise defeat the validity of the August 22, 2017 deed.

### 2. Defendants failed to plead the affirmative defenses of duress and undue influence, thereby waiving them.

A defendant, in answering a complaint, "shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense." M.R. Civ. P. 8(c). "Ordinarily an affirmative defense is deemed waived if not raised by a sufficient pleading . . . ." *Inniss v. Methot Buick-Opel, Inc.*, 506 A.2d 212, 218 (Me. 1986)

Duress is an affirmative defense. *Bose Corp. v. Ejaz*, 732 F.3d 17, 23 (1st Cir. 2013) (citing *Happ v. Corning, Inc.*, 466 F.3d 41, 44 (1st Cir. 2006)) (applying Massachusetts law); *see also* Rest. 2d of Contracts §§ 174-75. A party claiming "undue influence" must make an affirmative showing in order to make voidable a transfer of real estate or a contract. *See* 33 M.R.S. § 1022; Rest. 2d of Contracts § 177 (1981). Defendants cite *Cyr v. Cote*, 396 A.2d 1013 (Me. 1979) for the proposition that "[a] deed which is not executed in a knowing and voluntary manner, or one in which the Grantor is unduly influenced by the Grantee to execute is ineffective in conveying an interest in real estate." (Defs.' Resp., at 1.) That case, however, involved claims of undue influence and duress by plaintiffs who were sought to void an inter vivos transfer of property by making an affirmative showing. *Cyr*, 396 A.2d at 1017.

Accordingly, it appears that both duress and undue influence are affirmative defenses that must be specifically pleaded in the answer to a plaintiff's complaint.

Defendants did not plead the affirmative defenses of duress or undue influence in their Answer. Therefore, the defense is deemed waived and it cannot be used to defeat the entry of summary judgment in Plaintiff's favor.

5

### 3. Defendants have not demonstrated that the terms of Calleen Bradley's mortgage and note affect the conveyance to Pierce.

Defendants cite no binding authority—either in the law or in the specific language of the June 30, 2017 mortgage and note—to support their argument that the terms of the mortgage and note prohibited her from transferring the premises to Plaintiff.

An opposing statement of material fact that does not provide appropriate record citations in accordance with M.R. Civ. P. 56(h) constitute "unsupported speculation that does not generate a genuine issue of material fact." *Biette v. Scott Dugas Trucking & Excavating*, 676 A.2d 490, 494 (Me. 1996) (citation omitted); *see also* 3 Charles Harvey *Maine Civil Practice* § 56:5, at 236 n.2 (2011 ed.) ("The reviewing court will make its determination of the appropriateness of the grant of summary judgment based only upon those materials that have been properly presented to the trial court.") (internal quotation marks and citations omitted).

Here, the term(s) of the mortgage or note that Defendants now invoke were not properly presented to the Court, and therefore do not generate a genuine dispute of material fact to preclude the entry of summary judgment in Plaintiff's favor.

### 4. Failure of consideration does not defeat the validity of a conveyance.

Failure of consideration "does not entitle a grantor to cancellation of a deed." *McDonald's Corp. v. MLT Invs.*, 1996 Me. Super LEXIS 18, at *5 (Jan. 11, 1996) (citing 23 Am. Jur. 2d *Deeds* §§ 94, 95). Defendants have not asserted a counterclaim for breach of contract for the sale of the premises, where the question of consideration would be relevant. *See* Rest. (2d) of Contracts § 71 (1981). Accordingly, whether or not there was a failure of consideration is not relevant to the question now before the Court, to wit, the validity of the August 22, 2017 deed to Buck Pierce.

6

## III. Conclusion & Order

Based on the undisputed summary judgment record, Plaintiff has made a *prima facie* showing that the August 22, 2017 deed from Calleen Bradley to Buck Pierce was valid and effected a conveyance of Bradley's interest in the premises to Pierce. Defendant has not pleaded affirmative defenses or supported any of its arguments attempting to rebut the presumption that the August 22, 2017 deed was effective in a format required by M.R. Civ. P. 56(h).

Therefore, the entry shall be:

"Plaintiff Buck A. Pierce's Motion for Partial Summary Judgment on Count I of his First Amended Complaint is GRANTED.

Pursuant to 14 M.R.S. § 5953 (2018), the Court hereby DECLARES that Buck A. Pierce owns the premises located at 844 Garvin Road, Acton ME, and more fully described in the deed recorded in the York County Registry of Deeds at Book 17507, Page 196, free and clear of any claims of Defendant Calleen M. Bradley, including the interest purported in the deed recorded in the York County Registry of Deeds at Book 17627, Page 23, or otherwise."

The Clerk is requested to enter this Order on the docket for this case by incorporating it by reference. M.R. Civ. P. 79(a).

SO ORDERED.

Dated: May 24, 2019

_____
John O'Neil, Jr.
Justice, Superior Court

Entered on the Docket on: 5/24

Copies sent to the following parties/counsel on: 5/24

Atty Morin

Atty Smith

7