MADELINE B. COOMBS, et al., by Guardians,

*vs.*

CORNELIA G. FESSENDEN, et al.

Androscoggin.   Opinion July 25, 1917.

*Deeds.   Presumption as to delivery where deed is found in possession of grantee.
Declarations of grantor in absence of grantee relative to conditions attached
to passing of deed.   Delivery of deeds.   Self-serving writings or
paper as bearing on the question of legal delivery of deeds.*

This is a writ of entry brought to determine whether a deed under which the defendants claim was duly delivered.  The plaintiffs are the heirs of William C. Coombs who had acquired the real estate as a result of a partition.  William told an attorney that he was about to sell the property to his mother and requested that a deed be prepared to carry out his intention.  The attorney met mother and son at the mother's home, where both parties resided, and the first draft not meeting with the mother's approval a second deed was prepared.  This instrument being satisfactory it was executed and then handed by the son to the mother.  Mother and son both died within a short time after this occurrence and the deed, unrecorded, was found in a trunk in which the mother kept her papers.

To show by their subsequent conduct in dealing with the property the parties had not intended to transfer the title at the time the manual possession of the deed passed from the son to the mother, the plaintiffs were permitted to introduce in evidence certain receipts for rent signed by the son, and an assignment of wages given by a tenant to the son to secure rent.  While these papers were connected with the demanded premises the mother's name nowhere appears in any of them, and there is no evidence to show that she had any knowledge of the manner in which he was dealing with the property.  To the admission of this evidence the defendants seasonably excepted.

*Held:*

1.  The circumstances attending the execution and delivery of the deed, as above detailed, being uncontrolled by contradictory evidence of strong probative force, conclusively proved that the deed was duly delivered with the intention of passing the title to the premises therein described.

2.  The receipts and assignment of wages are entirely self-serving and therefore inadmissible.  Their admission was clearly prejudicial to the interests of the defendants.

Writ of entry to recover certain lands in the town of Lisbon Falls, Androscoggin County. Verdict for plaintiff. Defendant filed exceptions to the admissibility of certain evidence, and also to the refusal of the presiding Justice to give certain requested instructions. Exceptions sustained.

Case stated in opinion.

*Oakes, Pulsifer & Ludden,* for plaintiffs.

*Ralph W. Crockett,* for defendants.

SITTING: CORNISH, C. J., KING, BIRD, HANSON, PHILBROOK, MADIGAN, JJ.

MADIGAN, J. In a former trial of this case the defendants recovered a verdict, which was set aside by the Law Court, 114 Maine, 347. A second trial resulted in favor of the plaintiffs and the matter is now before us on exceptions. The plaintiffs assert title to the demanded premises as the heirs of William C. Coombs, who received a deed of the same as the result of a partition between the heirs of John Coombs, the father of William. The defendants' title is based on a warranty deed, in common form, dated July 1, 1909, running from William to his mother, Marcia Coombs, the delivery of which the plaintiffs deny, thus raising the issue in dispute.

William died a few hours after the mother and we lack the benefit of any light they might have shed on the controversy. The attorney who drew the deed says he acted at William's request. A first draft was unsatisfactory to the mother and a second draft meeting with her approval was executed and acknowledged by William, handed by the attorney to William, who in turn handed it to his mother. After her death the deed was found in a trunk in which the mother kept her papers.

The decision in *Coombs* v. *Fessenden,* supra, is based on the refusal of instructions that the jury might find the attorney's testimony to be true and still find for the plaintiff on the question of legal delivery of the deed, provided they were satisfied from all the evidence in the case that, although the deed was physically transferred from the grantor to the grantee, nevertheless the parties did not intend that the title and ownership of the property should immediately pass to Mrs. Coombs. A careful examination of the evidence in this case fails to overcome the presumption that when the manual possession

of this deed passed from the son to the mother, both parties intended to effect an immediate transfer of the title, in accordance with the terms of the deed.

In the absence of controlling evidence of strong probative force the circumstances are sufficient to conclusively establish that the deed was delivered with the intention of passing the title to the premises demanded. "When the grantor gives physical possession and control of the document to the grantee, either actually or constructively, or directly states that he delivers the instrument wherever it may be, and so puts it in the power of the grantee to take it, or does both of these things and there is no proof of an intent not to transfer the title, a delivery complete in the first instance is made." Reeves on Real Property, Sec. 1110. "Where a deed, with the regular evidence of its execution upon the face of it, is found in the hands of the grantee, the presumption is that it has been duly delivered." *Ward et al.* v. *Lewis et al.*, 4 Pick., 518.

"The production of a bond by the obligee from his own possession tended to show that it had been delivered to him." *Valentine* v. *Wheeler*, 116 Mass., 478. "If an unrecorded deed of land is found, at the death of the grantee in his pocket book in his possession, the presumption is that it was duly delivered to him." *Butrick* v. *Tilton*, 141 Mass., 93.

To overcome this presumption the plaintiffs introduced several receipts for rent of the demanded premises, given by William after the execution of the deed, also an assignment to secure rent. The mother's name nowhere appeared in any of these papers and there was no evidence that she ever saw them or knew the manner in which William was dealing with the tenants. While evidence of the conduct of the grantor in relation to the property is admissible on question of title the participation and knowledge of both parties must clearly appear. This evidence lacks the essential mutuality and is self-serving and consequently inadmissible.

"Receipts, bills of parcels and other papers, signed by one party to a suit, and offered by an opposing party, are received like other contracts as showing the declaration or engagements of the opposite party. But they cannot be received when offered by the maker of them, unless there be proof that they have been in the hands or in some way connected with the opposing party, and they are then received as exhibiting his assent, or showing his connection with the

transaction." *Boody* v. *M'Kinney,* 23 Maine, 517. "The rule of law is well settled that after a conveyance of real estate the declaration of the grantor in disparagement of his grant, made in the absence of the grantee, are never admissible in evidence against the grantee." *Chase* v. *Horton,* 143 Mass., 118. "The declaration and acts of a grantor after the completion of a sale are not admissible for the purpose of defeating the title, which by solemn contract he had passed to and perfected in another," *White* v. *Chadbourne,* 41 Maine, 149. "The declarations of a supposed grantor are not to be received after his death as evidence against the party claiming under the deed." *Bartlett* v. *Delprat,* 4 Mass., 707. "The rule that the acts and declarations of a grantor, after he has divested himself of the estate, shall not be admitted to impeach the title of the grantee, is well settled and not to be departed from." *Winchester* v. *Charter,* 97 Mass., 140. Defendants' exceptions to the admission of this evidence must therefore be sustained.

As a basis for a verdict this question was submitted to the jury. "Was the deed of William C. Coombs dated July 1, 1909, intended by the parties to it to take effect at that time as a conveyance of the title of the land described in it by the delivery of it to the grantee." With this question and as explanatory of the issue the presiding Justice, in his charge instructed the jury as follows: "When it appears that there has been a delivery, that is, a manual delivery, from hand to hand, of a deed, there arises a presumption that the title passes, that is, that the parties intended the effect to be just what their acts would indicate. But it is not a conclusive presumption; because deeds are delivered from party to party for various reasons, at various times, without the parties intending at the time to pass the title. They may intend to pass it at some future time but not then, that is, the deed is passed over without intention on the part of the parties to it that it shall take effect then as a conveyance of the title. Sometimes a man may make a deed perhaps, and intend delivery with an intention that it shall take effect when he dies, or on the happening of some condition, or upon the condition of payment, and not to take effect otherwise, and delivery of a deed, passing from hand to hand upon condition, does not convey title. It must be a delivery of the title from one to the other at the time. Now there being no question raised that this deed was actually passed from William C. Coombs, the sole and only question to be considered is what was the intent of the parties? Did they mean that the title was to pass then or not?"

And also the following:—''There is no question but it was passed over, as far as that goes, but was it intended to take effect at that time as a conveyance?''

While to the trained legal mind this question and these instructions would present no difficulties, we fear that they were misleading to the jury and therefore prejudicial to the interests of the defendants. For as heretofore observed, no admissible evidence was introduced to control the presumption that this deed was transferred to the mother with the intention of thereby vesting in her the title to the demanded premises.

''It is indispensable to the delivery of a deed that it shall pass beyond the control or dominion of the grantor. Otherwise it cannot come rightfully within the power and control of the grantee. Their interests are adverse and both cannot lawfully have control over the deed at the same time. The grantee does not necessarily acquire the right the moment it leaves the possession and control of grantor, but he cannot have it before. Neither can the grantor transfer his property after his decease by deed. The statute of wills or of descent then govern all property not disposed of during the life of the owner. To be sure a free hold estate may be conveyed to commence in future when it is so declared in the deed. *Wyman* v. *Brown,* 50 Maine, 139, and the grantor may reserve full power and control over the land thus conveyed during his natural life. *Brown* v. *Smith,* 52 Maine, 141; but not over the deed.'' *Brown* v. *Brown,* 66 Maine, 316.

''So far as the grantor is concerned any acts or words, whereby he in his life time parts with all right of possession and dominion over the instrument, with the intent that it shall take effect as his deed and pass to the grantee, constitute a delivery of a deed of conveyance; and nothing else will suffice.'' *Brown* v. *Brown,* 66 Maine, 316.

A father assigned certain mortgages to his son, with instructions that in case he died, to put them on record at once. The son placed them in a safe to which he and his father both had access, the father continuing to collect the interest on the mortgage notes. The court says; ''We are satisfied that the transfer of the property was not to take effect until after the father's death, as this is contrary to the statute of wills the assignments are to be treated as nullities. *Shurtleff* v. *Frances,* 118 Mass., 154.

"To make a delivery good and effective, the power of dominion over the deed must be parted with." *Cook* v. *Brown*, 34 N. H., 400.

*Hubbard* v. *Greely*, 84 Maine, 340, is both clear and exhaustive. "The authorities all agree that a deed cannot be delivered directly to the grantee himself, or to his agent or attorney, to be held as an escrow; that if such a delivery is made, the law will give effect to the deed immediately, and according to its terms, divested of all oral conditions. The reason is obvious. An escrow is a deed delivered to a stranger, to be delivered by him to the grantee upon the performance of some condition, or the happening of some contingency and the deed takes effect only upon the second delivery. Till then the title remains in the grantor. And if the delivery is in the first instance directly to the grantee, and he retains the possession of it, there can be no second delivery, and the deed must take effect on account of the first delivery, or it can never take effect at all. And if it takes effect at all, it must be according to its written terms. Oral conditions cannot be annexed to it. It will, therefore, be seen that a delivery to the grantee himself is utterly inconsistent with the idea of an escrow. And it is perfertly well settled, by all the authorities, ancient and modern, that an attempt to thus deliver a deed as an escrow, cannot be successful; that in all cases, where such deliveries are made, the deeds take effect immediately and according to their terms, divested of all oral conditions.

"The law reasonably provides that the instrument delivered shall be conclusive with respect to its contents, and the intention of the parties; and in the same manner, and in view of the same considerations, that the act of delivering the instrument shall be equally conclusive; that the danger to be apprehended from fraud and false swearing, as well as from the infirmity of human memory, are as great in the one case as in the other; that if a condition could be annexed to the delivery of a deed, when made to the obligee himself, or to his agent or attorney the very essence of the transaction would be left to depend on the memory and truthfulness of the bystanders; and that there is manifest wisdom in the rule that in such transactions the law will regard, not what is said, but what is done."

"It is easy to see," said the court, in *Miller* v. *Fletcher*, Gratt., 403 (21 Am., Rep. 356), "that the most solemn obligations given for the payment of money would be of but little value as securities, if they might, at a future day, be defeated, by parol proof of con-

ditions annexed to their delivery, and not performed; and that a doctrine of this kind would, perhaps, be still more mischievous, if applied to deeds of real estate; that if such a doctrine should prevail the title of the grantee would be liable to be defeated at any time by evidence of non-performed parol conditions annexed to the delivery of the deed; and in such cases there would be no safeguards against perjury or the mistakes of the 'slippery memory' and all titles would be as unstable as sands before the seashore."

*Hill* v. *McNichol*, 80 Maine, 209, is an instance where the history of the deed and the conduct of the parties subsequent to the date of its supposed delivery absolutely negative any intention of the parties to deliver the deed and thereby transfer the title. As is said in that case, "an intention that it shall be a delivery must exist in the minds of both parties." One Abner Hill was conducting, with his sons, a large business. In 1860 and 61 he executed a deed of certain property to one of his sons, Monroe Hill, who in 1862 executed a deed of the same premises to his mother, Elizabeth Hill. The latter deed was never seen or heard of until within a few days after Monroe Hill died when it was taken from a drawer in a bureau at the Hill house, where Monroe lived with his parents, and hurriedly sent by special messenger to the Registry of Deeds. It appears that both Abner and Monroe Hill kept papers and transacted some business in this house. There was no evidence in the case of any previous possession of the deed by Mrs. Hill more than a presumption arising from her possession at the time she sent the same for record in 1867. The evidence in this case of Mrs. Hill's connection with this property, subsequent to transferring the deed from Monroe to her, of conveyances in which she joined subsequent to the date of such deed, which are absolutely inconsistent with any claim of title by her, was so strong that it was considered by the jury and the court as absolutely disproving any intention of the parties to pass any title from Monroe to his mother by the deed, under which she asserted title. The question of intention, which is the essential element of a valid effectual delivery, is a matter of evidence and, in *Hill* v. *McNichol*, the evidence absolutely disproved any such intention.

In this case, however, as already stated, we find no evidence to show that both grantor and grantee did not intend an effectual valid delivery of the deed from the son to the·mother. The testimony of the attorney clearly shows it. The deed was found in her papers

and there is no admissible evidence in the case to disprove it. While a deed might pass from the manual possession of the grantor to that of the grantee for some temporary purposes, such as examination or as the basis for survey, or a legal opinion as to the title, there is in such cases no intention of delivery for the purpose of passing title and neither party could claim a delivery. In this case, however, there is no such evidence and there is no evidence to rebut the presumption arising from the mother's possession or to disprove the testimony of the attorney who witnessed the execution and delivery of the instrument. As we feel the question submitted and the instructions tended to cloud the real issue in the minds of the jury and to divert their attention from the salient points of the evidence and the law applicable to the case, the defendants' exceptions must be sustained. We do not feel it necessary to discuss the remaining exceptions.

*Exceptions sustained.*