1997 ME 190

**Alfred WAXLER**

v.

**Lawrence WAXLER, et al.**

Supreme Judicial Court of Maine.

Argued May 5, 1997.
Decided Aug. 12, 1997.

John G. Connor (orally), Portland, for plaintiff.

Paul Aranson (orally) Scaccia, Lenkowski & Aranson, Sanford, for defendants.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

RUDMAN, Justice.

[¶ 1] Alfred Waxler appeals from the judgment entered in the Superior Court (Cumberland County, *Saufley, J.*) in favor of his son, Lawrence Waxler,[1] following a non-jury trial. Alfred contends that (1) Teri Berenson, Alfred's daughter, was not entitled to transfer property on Iffley Street to Lawrence, (2) Alfred did not breach his fiduciary duty to Lawrence with malice, (3) Lawrence was not entitled to an award of damages for damage to his credit, (4) the trial court failed to consider mitigating circumstances in awarding damages to Lawrence, and (5) Alfred was entitled to damages for rent on the Farnham Street land. Lawrence cross-appeals contending that the trial court awarded him insufficient damages. For the reasons stated below, we vacate the judgment.

[¶ 2] This appeal arises from Alfred's attempt to establish the rights and responsibilities of the parties in two parcels of land in Portland, one on Iffley Street and one on Farnham Street. Both parcels abut Alfred's property on Warren Avenue on which Alfred and his corporation, Your Home, Inc., have been attempting for twenty-five years to develop a mobile home park.

[¶ 3] In April 1988, Your Home, Inc. was dissolved and all of its assets assigned to Alfred. In March 1994 Alfred brought this

---

1. The parties will be referred to by first name.

action against Teri and Lawrence seeking, *inter alia*, a declaration that he holds title to the Iffley Street property. In response, Teri and Lawrence answered and counterclaimed alleging, *inter alia*, that Alfred breached his duty to Lawrence to make timely payments on the mortgage debt, property taxes and other expenses pertaining to the property in Lawrence's name on Farnham Street; and seeking an accounting of his joint venture with Alfred to manage the Farnham Street property. The court found Lawrence to be the owner of the Iffley Street property subject to an easement to Alfred; that Alfred breached his fiduciary duty to Lawrence regarding the management of the Farnham Street property; and awarded Lawrence compensatory and punitive damages of $25,-925.00 plus interests and costs.[2]

### Iffley Street Property

[¶ 4] The record reveals the following facts pertinent to the Iffley Street property. In December 1984 Alfred arranged for his daughter, Teri Berenson, to purchase the Iffley Street property with funds he provided. The deed was recorded in the Cumberland County Registry of Deeds and that same day, at Alfred's request, Teri conveyed an easement over the Iffley Street lot to Your Home, Inc. Shortly thereafter, again at Alfred's request, Teri executed and delivered a deed to the Iffley Street lot to Your Home, Inc. Lawrence notarized both deeds. Alfred did not record either deed until September 1995.

[¶ 5] In July 1993 Teri executed and delivered a deed to the Iffley Street property to her brother, Lawrence, in an effort to help Lawrence solve a problem he was having with Alfred concerning the Farnham Street property. Alfred argues that at the time of the December 1984 conveyance to Teri, Teri had at most a contingent remainder interest subject to a resulting trust. Lawrence contends that no resulting trust was created when Alfred paid for the purchase of the

Iffley Street property because Alfred gave the property to Teri originally as a contingent gift, and ultimately as a final irrevocable gift.

[¶ 6] We need not determine the exact nature of the December 1984 transaction because, regardless of the capacity in which Teri held title to the property in December 1984, she conveyed the entire property to Your Home, Inc. in January 1985. "The conveyance of title to property requires a manual transfer of the deed and an intent to pass title between a grantor and grantee." *Poling v. Northup,* 652 A.2d 1114, 1115 (Me. 1995). On January 3, 1985, Teri executed a warranty deed to Your Home, Inc. Lawrence notarized the deed and Teri delivered the deed to Alfred. Alfred has retained possession of the deed since that date.

[¶ 7] There is no dispute that the deed from Teri to Your Home, Inc. was delivered to Alfred. There is a presumption that a deed found in the possession of the grantee was delivered by the grantor who executed and acknowledged it. *Sachelie v. Connellan,* 141 Me. 267, 273, 43 A.2d 300 (1945). This presumption is even stronger in cases involving a voluntary conveyance as opposed to an ordinary bargain and sale. *Shaw v. McKenzie,* 131 Me. 248, 249, 160 A. 911 (1932). "Only clear and convincing evidence can overcome the presumption." *Id.* at 249, 160 A. 911.

[¶ 8] The sole issue here is whether the parties intended that title to the Iffley Street property pass from Teri to Your Home, Inc. when the deed was delivered. We answer this question in the affirmative. When the physical possession of a deed is transferred from one party to another, there is a presumption that "both parties intended to effect an immediate transfer of the title, in accordance with the terms of the deed." *Coombs v. Fessenden,* 116 Me. 304, 306, 101 A. 465 (1917).

---

2. The court calculated the damage award as follows:
 $2,100 to reimburse Lawrence for taxes that went unpaid during the time Alfred was responsible for making those payments; $825 for property storage; $5,000 for costs of finding a new placement for the mobile home and for moving and installing the home on a new lot; $5,000 for

loss of good credit and delay in obtaining financing for the new home; and $13,000 in punitive damages for breach of fiduciary duty. The trial court determined, contrary to Lawrence's contentions, that Lawrence had no possessory interest in the Farnham Street property from which ruling Lawrence has not appealed.

[¶ 9] The record reveals that Teri failed to overcome the presumption that she and Alfred both intended to effect an immediate transfer of title when she delivered the deed to Your Home, Inc. in January 1985. Teri testified that she executed and delivered the deed to the Iffley Street lot to Your Home, Inc. solely because Alfred asked her to do so. The record is devoid of evidence indicating that Teri did not intend to transfer the property to Your Home, Inc. at that time. *See Coombs,* 116 Me. at 307, 101 A. 465 (well settled rule of law is that after conveyance of real estate a declaration of the grantor in disparagement of his grant, made in the absence of the grantee, is never admissible in evidence against the grantee). The trial court did not make any findings as to Teri's intent at the time of the January 1985 conveyance and we find no evidence to rebut the presumption arising from Alfred's possession that both parties intended to effectuate an immediate transfer of the Iffley Street property.

[¶ 10] Contrary to Lawrence's contention, the presumption in favor of delivery is not rebutted by Alfred's failure to record his deed until 1995. The fact that the deed was unrecorded for many years does not change the effect of Teri's *delivery* of the deed to Alfred.

 [¶ 11] Teri's 1993 deed to Lawrence has no effect because, by notarizing the deed from Teri to Your Home, Inc., Lawrence had actual knowledge that she had already conveyed the same property to Your Home, Inc. *See Bartlett v. Pullen,* 586 A.2d 1263, 1265 (Me.1991) (unrecorded conveyance ineffectual against anyone other than grantor and persons having actual knowledge). Furthermore, Lawrence's assertion that he believed in 1993 that Teri owned the Iffley Street property is unavailing. Before purchasing real estate, a purchaser

> should clear up the doubts which apparently hang upon the title, by making due inquiry and investigation. If a party has knowledge of such facts as would lead a fair and prudent [person], using ordinary caution, to make further inquires, and he avoids the inquiry, he is chargeable with notice of the facts which by ordinary diligence he would have ascertained.

*Gagner v. Kittery Water Dist.,* 385 A.2d 206, 207 (Me.1978) (quoting *Knapp v. Bailey,* 79 Me. 195, 204, 9 A. 122, 124 (1887)). Lawrence testified that he remembered notarizing the 1985 deed to Your Home, Inc., but that he understood in 1993 that Teri owned the Iffley Street property. According to Lawrence, he believed that Teri owned the property because she told him about "conversations that she had with [Alfred] on more than one occasion" and because Teri believed that it was her property. Lawrence admitted that he did not discuss the pending conveyance with Alfred. Lawrence made no effort to determine whether Alfred in fact owned any interest in the Iffley Street property. Lawrence's failure to take appropriate steps to clarify the doubts concerning title to the Iffley Street property can only been seen as a failure of due inquiry. Lawrence was not a bona fide purchaser of the Iffley Street lot because he had knowledge that the property had already been conveyed to Your Home, Inc. Accordingly, the trial court erred when it· determined that Lawrence held title to the Iffley Street property in fee.

### Punitive Damages

 [¶ 12] In February 1987, Alfred's corporation, Your Home, Inc., owned a parcel of property on Farnham Street upon which a mobile home was located. When the owners of the mobile home suffered financial difficulties, the holder of the security interest in the mobile home foreclosed and Alfred persuaded Lawrence to borrow money and purchase the mobile home. Alfred agreed to collect all rental income from the tenants of the mobile home and pay all expenses related to the property such as the mortgage, taxes, utilities, repairs and maintenance.

[¶ 13] In the years following Lawrence's purchase of the mobile home, Alfred collected rental· income from the tenants, but during some months he did not pay the mortgage. Additionally, it was Alfred's regular business practice not to pay his real estate taxes when due. Alfred admitted that he was typically delinquent on all his property taxes and routinely paid his real estate taxes shortly before the foreclosure of the tax liens on the properties.

[¶ 14] In June 1993 Lawrence and his wife attempted to purchase a new home in Portland. Lawrence's credit report revealed outstanding tax liens on the Farnham Street mobile home. His bank, therefore, refused to extend credit to him. On July 1, Alfred wrote a letter to Lawrence's bank and acknowledged responsibility for the defaults on Lawrence's credit record. The bank was not satisfied with Alfred's letter and continued to decline to finance the purchase of Lawrence's new home. Lawrence asked Alfred to assume the mobile home debt in his own name or to satisfy the debt in some way. Alfred told Lawrence that it would not be possible for him to get financing. Alfred and Lawrence later spoke with an officer at the Town & Country Federal Credit Union and asked to have Alfred substituted for Lawrence on the loan. The credit union asked for a mortgage on the Farnham Street lot and Alfred refused because he "felt that it was impractical at that point" since "there were other solutions at that time." Specifically, Alfred stated that it was "impractical" for him to go through the mortgage application process because he knew that Lawrence's mother could financially assist Lawrence. Lawrence was unable to obtain financing for his new home until his mother, Alfred's former wife, borrowed in her own name and satisfied Lawrence's outstanding debt.

[¶ 15] Alfred contends that the evidence is insufficient to support the court's finding that Alfred acted with malice toward Lawrence. A punitive damage award must be based on tortious conduct and may be awarded only if the tortfeasor acted with malice. *Haworth v. Feigon*, 623 A.2d 150, 159 (Me.1993). "Punitive damages are available if the plaintiff can establish by clear and convincing evidence that the defendant's conduct was motivated by actual ill will or was so outrageous that malice is implied." *Fine Line, Inc. v. Blake*, 677 A.2d 1061, 1065 (Me.1996). For factual findings that must be proven under the clear and convincing standard, the issue is "whether the factfinder could reasonably have been persuaded that the required factual finding was proved to be *highly probable*." *Fitzgerald v. Gamester*, 658 A.2d 1065, 1070 (Me.1995) (citation omitted). Our review of a trial court's award of punitive damages is limited to deciding whether the findings of fact are clearly erroneous. *Auburn Harpswell Ass'n v. Day*, 438 A.2d 234, 237 (Me.1981).

[¶ 16] The trial court explicitly found that, prior to Lawrence's attempt to obtain credit, Alfred did not act with malice when he breached his fiduciary duty to pay the taxes and other expenses. The court further found that Alfred had a "continuing fiduciary duty" to Lawrence, and that he breached that duty with malice when he "declined to take reasonable steps to address [Lawrence's credit] problems." We conclude that the trial court's finding of malice was clearly erroneous. The record reveals no evidence that Alfred acted with actual ill will. Furthermore, we cannot say that Alfred's failure to make a greater effort to solve Lawrence's credit problems was so outrageous that malice can be implied. The record is devoid of evidence that Alfred had the ability to cure the problems he had created. We conclude, therefore, that the trial court erred when it assessed punitive damages against Alfred because the record does not support the court's finding of malice.

### Compensatory Damages

[¶ 17] Both parties contend that the trial court erred in its assessment of compensatory damages. We agree and address the parties contentions seriatim.

[¶ 18] We review the computation of damages with great deference. *Bradford v. Dumond*, 675 A.2d 957, 962 (Me.1996). Generally we will not substitute our judgment for that of the factfinder and will not disturb a damage award unless the award is a product of bias, prejudice, improper influence, or was reached under a mistake of law or in disregard of the facts. *Id.* A damage award must be supported by some evidence in the record, but the damages need not be proved to a mathematical certainty. *Id.* In awarding damages, the factfinder is entitled to act on probable and inferential as well as direct and positive proof. *Id.*

[¶ 19] The trial court awarded $5,000 to Lawrence for the "loss of good credit and delay in obtaining financing for the new home." Lawrence testified that: (1) Alfred destroyed his credit because he could not get

a mortgage when he and his wife tried to buy a new home, (2) the credit union told him it would take about two years for his credit to recover and (3) he had a brief credit problem when he purchased a new car. Nevertheless, Lawrence was unable at trial to attach any monetary value to the damage that he has suffered to his credit. Further, Lawrence testified that he was only seeking damages for the detrimental effect on his credit with regard to his attempt to purchase a new home in July 1993. When asked what damages he incurred he responded: "Well, I think that my family went through hell for the months of July and August 1993." When asked if there were any other damages, Lawrence answered, "No." Lawrence did testify, however, that while his family was in a temporary living space, he incurred a storage bill for $875; the court made a separate award for those damages.

[¶ 20] Alfred argues that the trial court erred in awarding $5,000 in damages to Lawrence for damage to his credit because the record contains no evidence of economic damage. We agree. The record contains no evidence of any monetary value of the damage to Lawrence's credit that could support an independent award of damages. *See Bradford,* 675 A.2d at 962 (damage award must be supported by some evidence of value of property damaged or expenses incurred). Thus, we conclude that the court erred by awarding $5,000 for damages to Lawrence's credit.

 [¶ 21] Lawrence contends that the trial court did not award sufficient damages to reflect the actual costs and damages that he suffered as a result of Alfred's conduct. We agree. The trial court found that Alfred and Lawrence were engaged in a joint venture to hold and manage the Farnham Street property. As we have stated,

> [t]he law presumes that each of the parties to a joint venture has an equal interest in the property purchased for its use, notwithstanding the inequality of their contribution to the purchase price or the fact that one or more of the parties may have contributed only his or their services.

*Simpson v. Richmond Worsted Spinning Co.,* 128 Me. 22, 31, 145 A. 250 (Me.1929). "An equitable action for an accounting is a proper remedy of a party to a joint adven-ture to recover his share of the profits." *Id.* at 32, 145 A. 250.

[¶ 22] Lawrence sought $30,000 in actual damages and an accounting for the rental income from the mobile home located on the Farnham Street property. Additionally, Lawrence specifically requested an accounting of the partnership assets, income and liabilities and requested a recovery for costs associated with moving the mobile home from the Farnham Street lot. The trial court awarded Lawrence $25,925 in compensatory and punitive damages and entered judgment against him with respect to all other counts of his counterclaim. The court did not, however, order an accounting of the rental income that Alfred collected or an accounting of the assets and liabilities of the joint venture. Lawrence was entitled to such an accounting and the court erred when it failed to order one.

[¶ 23] Alfred contends that the court failed to heed mitigating considerations when it awarded damages to Lawrence. Alfred argues that although Lawrence was delayed in obtaining financing for his new home he eventually obtained his financing at a lower rate than it would have been had the financing not been delayed. Alfred contends that this equates to a mitigation of damages by Lawrence and argues that the trial court erred in failing to take such mitigation into account when awarding damages to Lawrence. Alfred further contends that once the joint venture to manage the Farnham Street property was dissolved, he was entitled to rent from Lawrence. Although these issues were presented to the court, the court did not address either of them in its final judgment. In light of the fact that we are vacating the court's award of damages, we leave these issues to be addressed by the trial court on remand.

The entry is:

Judgment entered in CV–95–840 affirmed.

Judgment entered in CV–94–310 vacated.

Remanded for further proceedings consistent with the opinion herein.