STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-01-669



COLUMBIA CREDIT CO., LLC,

    Plaintiff

v.

ORDER

DONALD L. GARBRECHT
LAW LIBRARY

MAY 29 2003

INTERNATIONAL TAPE,

    Defendant

Before the court are cross-motions for summary judgment by plaintiff Columbia Credit Co. and defendant International Tape.

Summary judgment should be granted if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. In considering a motion for summary judgment, the court is required to consider only the portions of the record referred to and the material facts set forth in the parties' Rule 56(h) statements. See Handy Boat Service, Inc. v. Professional Services, Inc., 1998 ME 134, ¶ 16, 711 A.2d 1306, 1310 (construing former Rule 7(d)). The facts must be considered in the light most favorable to the non-moving party. E.g., Panasonic Communications & Systems Co. v. State of Maine, 1997 ME 43, ¶10, 691 A.2d 190, 194. Thus, for purposes of summary judgment, any factual disputes must be resolved against the movant. Nevertheless, when the facts offered by a party in opposition to summary judgment would not, if offered at trial, be sufficient to withstand a motion for judgment as a matter of law, summary judgment should be granted. Harkness v. Fitzgerald, 1997 ME 207 ¶ 5, 701 A.2d 370, 372.

In this case many of the material facts are not in dispute. Columbia Credit, which purchased certain accounts receivable of Maine Poly, Inc. ("MPI") at a secured creditor's sale, is suing to collect a $15,254.93 debt allegedly owed by International Tape for goods sold to International Tape by MPI. The goods in question were ordered by International Tape from MPI in July 2001. Almost immediately after the goods were ordered, MPI filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code. Columbia Credit's Rule 56(h) Statement filed November 15, 2003 ¶6 (admitted).

Of the $15,254.93 sought, $14,409.19 represents an amount billed to International Tape by MPI for goods that were ordered by International Tape as set forth in invoice 96387. International Tape acknowledges receipt of the shipment but has offered evidence that the goods were defective. The remaining $845.75 sought by Columbia Credit represents an amount billed to International Tape by MPI for goods that were ordered by International Tape as set forth in invoice 96422. International Tape has offered evidence the goods covered by invoice 96422 were never received.

Although Columbia Credit has denied the assertions in International Tape's Rule 56(h) Statement that the goods at issue were either defective or never received, it has not offered any evidence to controvert International Tape's factual showing on these issues,[1] and the court will therefore accept for purposes of the cross motions that the goods for which Columbia Credit seeks $14,409.19 were defective and the goods for which Columbia Credit seeks $845.75 were never received. However, it is also undisputed that International Tape never gave any notice to MPI that the goods were defective or had not been received.[2]

---

[1] See International Tape's Rule 56(h) Statement filed December 6, 2002 at ¶¶D5-D6; Columbia Credit's Rule 56(h) Statement filed January 8, 2003 responding to ¶¶D5-D6.

[2] See Columbia Credit's Reply Statement of Material Facts filed January 8, 2003 ¶22; International Tape's Reply Statement of Facts filed January 17, 2003 ¶22.

Besides the MPI invoices on which Columbia Credit now seeks to collect, there were other transactions between MPI and International Tape. It is not disputed that, as a result of transactions that had no relationship to invoices 96387 and 96422, MPI never paid International Tape $13,699.22 owed for certain goods that MPI purchased from International Tape and MPI had also agreed to pay International Tape an additional $54,842.43 for certain defective goods shipped prior to October 31, 2000.[3]

Based on the facts set forth above, International Tape contends that it has a recoupment defense against Columbia Credit's attempt to collect on invoices 96387 and 96422 because the goods in question were defective or not received. It also contends that it can assert a right of setoff against Columbia Credit based on the $13,699.22 and $54,842.43 owed by MPI to International Tape as a result of unrelated transactions.

The dispositive issue in the case is whether the fact that Columbia Credit purchased MPI's accounts receivable at a secured creditors' sale makes Columbia Credit in effect a bona fide purchaser for value who is not subject to the setoff and recoupment defenses that International Tape asserts against MPI. The court concludes that International Tape is entitled to assert its setoff and recoupment defenses and that International Tape is therefore entitled to summary judgment as a matter of law in its favor on Columbia Credit's claims.

The parties apparently agree that Textron Financial Corp., the secured creditor who sold MPI's accounts receivable to Columbia Credit, would have been subject to International Tape's setoff and recoupment defenses. See Plaintiff's Motion for Summary Judgment filed November 15, 2002 at 6; Maine Farmers Exchange v. Farm

---

[3] See International Tape's Rule 56(h) Statement filed December 6, 2002 at ¶¶ D1, D3 and Columbia Credit's Rule 56(h) Statement filed January 8, 2003 responding thereto.

<u>Credit of Maine</u>, 2002 ME 18 ¶¶12-14, 789 A.2d 85, 88-89. This follows from 11 M.R.S.A. §9-1404(1) (Pamph. 2002), which provides in pertinent part as follows:

> Unless an account debtor has made an enforceable agreement not to assert defenses or claims, ... the rights of an assignee are subject to
> (a) ... any defense or claim in recoupment arising from the transaction that gave rise to the contract; and
> (b) any other defense or claim of the account debtor against the assignor that accrues before the account debtor receives a notification of the assignment authenticated by the assignor or assignee.

Here, International Tape is the account debtor. It is undisputed that its claims against MPI accrued prior to any notice it received of the assignment. See Defendant's Rule 56(h) Statement filed December 6, 2002 at ¶D7 (admitted). The court sees no reason why Columbia Credit should not be treated as an assignee of the accounts receivable, and under § 9-1404(1) International Tape is therefore entitled to assert "any defense or claim in recoupment" and "any other defense or claim" it had against MPI.

Columbia Credit argues that it is not an assignee subject to § 9-1404(1) because it purchased the accounts receivable at a foreclosure sale, allegedly without notice of any defenses. The court finds its arguments unconvincing. While Columbia Credit relies on 11 M.R.S.A. §9-1617, that section merely confirms that a secured party's sale of collateral transfers "all of the debtor's rights in the collateral". The debtor referred to in §9-1617 is the debtor with respect to the security interest – e.g., MPI. While Columbia Credit has thus acquired all of MPI's rights, this does not extinguish International Tape's right to assert any defenses International Tape would have had against MPI.[4]

---

[4] Similarly, while §9-1617(2) states that a transferee who acts in good faith "takes free of the rights and interests described in subsection (1)," the defenses of parties such as International Tape are nowhere described in subsection (1) of §9-1617.

4

Indeed, it is also undisputed in this case that the bill of sale by which the accounts receivable were transferred to Columbia Credit expressly conveyed those accounts on an "as is" basis. See Defendant's Rule 56 (h) Statement filed December 6, 2002 ¶D8 (admitted); Exhibit 10 to Gendreau Affidavit. Textron Financial did not purport to convey any interest beyond the rights Textron Financial itself possessed in the collateral, and those rights were subject to recoupment and setoff pursuant to §9-1404(1).

To reach an opposite conclusion would be to elevate an account receivable, once sold by a secured creditor, to a status similar to that held by a negotiable instrument. There is no authority for such a result. International Tape is not in the position of a party who has signed a negotiable instrument. Instead, International Tape is in the position of a party who has received a bill for charges that it disputes (in one case, for goods that it is undisputed on this record were never delivered). The court cannot find any basis in law or logic for the proposition that a party who receives a bill for items never delivered can be placed in a position where it cannot dispute the charge. Similarly, it is entirely logical that section 9-1404(1)(b) expressly preserves an account debtor's rights of setoff to the extent those rights accrue prior to notification of an assignment. Otherwise a party like International Tape, which had undisputed claims against MPI that far exceeded any amount it may have owed to MPI, could find itself required to pay a third party without having any effective recourse against MPI.

Since International Tape's rights of setoff against MPI are more than sufficient to extinguish Columbia Credit's claim, the court need not reach Columbia Credit's arguments that International Credit forfeited its right of recoupment as against MPI by

failing to reject the defective goods covered by invoices 96387 and 96422 pursuant to 11 M.R.S.A. §2-602.[5]

The court also does not need to reach International Tape's alternative argument that even if a bona fide purchaser without notice would not have been subject to International Tape's rights of recoupment and setoff, Columbia Credit was not a bona fide purchaser without notice in this case. International Tape makes this argument because the owner and sole member of Columbia Credit is J.P. Bolduc, who with his wife also owns JPB Enterprises, Inc. At the time of MPI's bankruptcy JBP Enterprises owned 100% of MPI's shares, and J.P. Bolduc himself was also a Director and the Chairman of MPI. As a result, this case presents the somewhat disquieting situation where a principal of MPI is seeking to collect amounts owed to MPI which MPI itself could not have collected.

Although J.P. Bolduc has submitted an affidavit stating that at the time Columbia Credit purchased MPI's accounts receivable from Textron Financial, it had no knowledge of any party claiming "a lien, right of offset, credit, or other interest in any of the accounts owed by International Tape" — a statement which is not directly controverted on this record[6] — Bolduc's affidavit omits to state that Columbia Credit had no knowledge of any amounts potentially owed by MPI to International Tape (even if the latter had not yet formally claimed a right of offset). Moreover, even if Bolduc's affidavit were more broadly construed, there remains a substantial question

---

[5] It appears, however, that Columbia Credit may be correct as to invoice 96387. Although MPI filed bankruptcy almost immediately after shipping the goods, its trustee in bankruptcy would have had rights to salvage the goods in question and the court is not inclined to agree that a seller's bankruptcy excuses a buyer's failure to comply with the UCC's requirements for rejection of defective goods. In the absence of an effective rejection, the goods are deemed accepted and the contract price is owed. See §§2-606(1)(b), 2-607 (1). However, as to invoice 96422, International Tape was under no obligation to notify MPI of any rejection. Where goods are never delivered, there is no obligation to reject under the UCC.

6

whether his general knowledge of the affairs of MPI would have put him on notice that MPI's claims against International Tape would likely be subject to various defenses. In the court's view, even if Columbia Credit were correct that a bona fide purchaser without notice would not be subject to defenses in the nature of recoupment and setoff, there may well be a disputed issue for trial in this case whether Columbia Credit, through Bolduc, had constructive notice of the defenses in question or of the likelihood that MPI's accounts receivable were uncollectible. See, e.g., Waxler v. Waxler, 1997 ME 190 ¶11, 699 A.2d 1161, 1164, quoting Knapp v. Bailey, 79 ME 195, 204 (1887).

The entry shall be:

For the reasons set forth, plaintiff's motion for summary judgment is denied, defendant's cross motion for summary judgment is granted, and judgment is entered in favor of defendant dismissing the complaint. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: May 16, 2003

Thomas D. Warren
Justice, Superior Court

---

[6] See Plaintiff's Rule 56(h) Statement filed November 15, 2002 ¶13; Defendant's Rule 56(h) Statement filed December 6, 2002 ¶13 (pointing out J.P. Bolduc's involvement in MPI but not offering specific evidence of any knowledge by Bolduc of International Tapes defenses).

COLUMBIA CREDIT COMPANY LLC - PLAINTIFF

Attorney for: COLUMBIA CREDIT COMPANY LLC
DEBRA BROWN
MARCUS CLEGG & MISTRETTA PA
100 MIDDLE STREET EAST TOWER
PORTLAND ME 04101-4102

vs
INTERNATIONAL TAPE COMPANY - DEFENDANT

Attorney for: INTERNATIONAL TAPE COMPANY
U CHARLES REMMEL II
KELLY REMMEL & ZIMMERMAN
53 EXCHANGE ST
PO BOX 597
PORTLAND ME 04112-0597

Filing Document: COMPLAINT
Filing Date: 12/07/2001

SUPERIOR COURT
CUMBERLAND, ss.
Docket No   PORSC-CV-2001-00669

**DOCKET  RECORD**

Minor Case Type: CONTRACT