STATE OF MAINE                          SUPERIOR COURT
YORK, SS.                               CIVIL ACTIOON
                                        Docket No. CV-2016-265


ROBERT M.A. NADEAU,          )
            Plaintiff,       )
                             )
                             )
      v.                     )          **ORDER ON MOTION TO**
                             )          **RECONSIDER**
                             )
TRAVIS LOVEJOY,              )
            Defendant.       )


The Plaintiff has filed a Motion to Reconsider the court's order granting summary judgment in this case.

In support of his motion, the Defendant suggests that the court improperly relied upon State v. Davis, 2018 ME 116, in excluding the eyewitness identification that the Plaintiff seeks to have admitted into evidence at trial. Though Davis is a criminal case, the Law Court's holding in the case is not based upon constitutional principles that are inapplicable in civil matters. The holding is based upon application of the Maine Rules of Evidence, which is equally applicable to civil cases such as this one.

The Plaintiff also suggests that there is a "plethora of other circumstantial evidence" supporting his claims. However, the evidence that the Plaintiff relies on describes constitutionally protected political advocacy which does not form the basis for a tort claim. The Plaintiff may not like that the Defendant and others worked together to seek his defeat in the election giving rise to this action, but such activity is protected by the United States and Maine Constitutions. It is only the claimed violations of law involving the Plaintiff's campaign signs that could give rise to a tort claim. However, that claim depends upon the flawed identification which will not be admitted at trial.

As for discovery not being completed in this matter, with all due respect to the former justice, discovery in this case was allowed to run far afield from the basic claims in this case. The purpose of discovery is not to allow the Plaintiff to determine if other claims, involving other parties, may theoretically exist. The Plaintiff has been allowed to engage in extensive discovery in a case which, by his own admission, involves a few thousand dollars spent on campaign signs[1].

For these reasons, the Motion to Reconsider is DENIED.

The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: June 19, 2019

JUSTICE, MAINE SUPERIOR COURT

---

[1] This case is a good example of why the Maine Supreme Judicial Court is currently considering changes to the Maine Rules of Civil Procedure to reduce the cost of and length of time it takes to conclude civil litigation.

STATE OF MAINE
YORK, ss

SUPERIOR COURT
LOCATION: Alfred
DOCKET NO. CV-16-265

**Robert M.A. Nadeau**

Plaintiff

v.

**Travis Lovejoy**

Defendant

**Order Defendant's Motion for Reconsideration of Order on Motion for Summary Judgment Based on a New Development in the Law**

This matter came before the Court on Order Defendant's Motion for Reconsideration of Order on Motion for Summary Judgment Based on a New Development in the Law. The Court has considered the effect of *State v. Davis*, 2018 ME 116, -- A.3d -- on this matter. The Defendant's Motion is GRANTED as follows.

In the prior decision denying the Defendant's Motion for Summary Judgment, the Court considered two purported identifications of the Defendant made by Kat McAfee. The Court concludes that, considering *Davis*, those identifications are inadmissible under M.R. Evid. 403. The summary judgment record establishes 1) that the identification procedures that were used were unduly suggestive, and 2) the purported identifications are not independently reliable. Because the Court has concluded that the identifications are inadmissible under Rule 403, they may not be considered on a motion for summary judgment. M.R. Civ. P. 56(e). With the exclusion of Kat McAfee's identifications from the summary judgment record, the Court concludes that there is no genuine issue of material fact for trial, and that the Defendant is entitled to judgment as a matter of law.

The entry is:

Motion for Reconsideration of Order on Motion for Summary Judgment is granted. Defendant's Motion for Summary Judgment is granted. Judgment entered for Defendant, with costs.

Dated: ___MAY 2 1 2019___

Justice, Superior Court

STATE OF MAINE                                    SUPERIOR COURT
YORK, SS.                                         CIVIL ACTIOON
                                                  Docket No. CV-2016-265


ROBERT M.A. NADEAU,           )
                 Plaintiff,   )
                              )
                              )
          v.                  )          **ORDER ON PENDING MOTIONS**
                              )
                              )
TRAVIS LOVEJOY,               )
                 Defendant.   )


    Judgment having been entered for the Defendant, all pending motions are MOOT, or to the extent necessary, DENIED.

    The Clerk is directed to incorporate this Order by reference into the docket for this case, pursuant to Rule 79(a), Maine Rules of Civil Procedure.

Dated: May 21, 2019

_____
JUSTICE, MAINE SUPERIOR COURT

STATE OF MAINE
YORK, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-16-265

COMMITTEE TO RE-ELECT JUDGE )
ROBERT NADEAU AND ROBERT )
M.A. NADEAU, )
)
         Plaintiffs )
)
v. )
)
TRAVIS LOVEJOY, )
)
         Defendant. )

ORDER ON MOTION
FOR SUMMARY JUDGMENT

Before the Court is Defendant Travis Lovejoy's motion for summary judgment. Based on the following, Defendant's motion for summary judgment is denied.

## I.    BACKGROUND

Plaintiffs Committee to Re-elect Judge Robert Nadeau and Robert M.A. Nadeau bring this action seeking relief for the alleged taking and vandalism of campaign signs by Defendant Lovejoy. Plaintiffs contend that Travis Lovejoy was responsible for posting signs in public roadways advocating against Nadeau's re-election without the sponsor, contact information or posting duration; adding the word "suspended" to signs promoting Nadeau's re-election; and removing and causing injury to signs for Nadeau's re-election from public roadways.

Defendant moves the Court to enter summary judgment in his favor as to the only remaining cause of action; to wit, trespass to chattels.

1

## II. STANDARD OF REVIEW

Summary judgment is appropriate if, based on the parties' statements of material fact and the cited record, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Dyer v. Dep't of Transp.*, 2008 ME 106, ¶ 14, 951 A.2d 821. "A material fact is one that can affect the outcome of the case. A genuine issue of material fact exists when the fact finder must choose between competing versions of the truth." *Dyer*, 2008 ME 106, ¶ 14, 951 A.2d 821 (internal citation and quotation marks omitted). When deciding a motion for summary judgment, the court reviews the evidence in the light most favorable to the non-moving party. *Id.*

If the moving party's motion for summary judgment is properly supported, the burden shifts to the non-moving party to respond with specific facts indicating a genuine issue for trial in order to avoid summary judgment. M.R. Civ. P. 56(e). When a defendant moves for summary judgment, the plaintiff must respond with evidence establishing a prima facie case for each element of their cause of action. *Watt v. UniFirst Corp.*, 2009 ME 47, ¶ 21, 969 A.2d 897 (internal citation and quotation marks omitted). The evidence proffered by the plaintiff "need not be persuasive at that stage, but the evidence must be sufficient to allow a fact-finder to make a factual determination without speculating." *Estate of Smith v. Cumberland Cnty.*, 2013 ME 13, ¶ 19, 60 A.3d 759. If a plaintiff fails to present sufficient evidence on the essential elements, then the defendant is entitled to a summary judgment. *Watt*, 2009 ME 47, ¶ 21, 969 A.2d 897. Mere possibility of causation is not enough, and "when the matter remains one of pure speculation or conjecture, or even if the probabilities are evenly balanced, a

2

defendant is entitled to a judgment." *Crowe v. Shaw*, 2000 ME 136, ¶ 10, 755 A.2d 509.

### III.   ANALYSIS

A. Trespass to Chattels

Defendant asserts two grounds for summary judgment, neither of which is convincing when viewed against the backdrop of the present summary judgment record. Defendant argues that the summary judgment record does not establish a prima facie case for trespass to chattels, insofar as the fact finder would be left only with conjecture in order to establish that it was Defendant who intentionally caused the dispossession or intermeddling with Plaintiffs' campaign signs.

Although the court concedes that the disparate collection of circumstantial evidence is anemic, taken together it is sufficient to allow the case to proceed to a fact finder for evaluation. The court is mindful that Defendant's expressions of opposition to Plaintiff Nadeau's candidacy represents the most fundamental category of speech protected against a state actor under the United States and Maine Constitutions. However, Defendant's open and robust opposition to Nadeau may also inform a fact finder, along with the albeit imperfect eyewitness accounts, as to whether it was Defendant who was responsible for the damage to Plaintiffs' signs. It is not for the court at the summary judgment stage to evaluate the relative credibility of those witnesses, whose accounts may be substantially undermined in the eyes of a fact finder.

Defendant also contends that Nadeau's claim fails because he lacked a possessory interest in the signs at the time of the damage to them. The summary

3

judgment record does not favor Defendant on this point. At the very least there is a factual issue regarding possessory rights and whether those rights were relinquished based upon Plaintiffs' description of how the signs (both the smaller signs and larger signs) were purchased and utilized before and after the alleged damage to the signs occurred.

## IV.     Conclusion

Defendant's motion for summary judgment is denied.

The Clerk is directed to enter this Order on the civil docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated:  August 16, 2017

Lance E. Walker
Justice, Superior Court

CV-16-265
<u>ATTORNEY FOR PLAINTIFFS:</u>
ROBERT NADEAU
NADEAU LEGAL PLLC
311 ALFRED STREET
BIDDEFORD ME  04005


<u>ATTORNEYS FOR DEFENDANT:</u>
GENE LIBBEY
TYLER SMITH
LIBBEY O"BRIEN KINGSLEY & CHAMPION LLC
62 PORTLAND RD STE 17
KENNEBUNK ME  04043

STATE OF MAINE                    SUPERIOR COURT
YORK, ss.                         CIVIL ACTION
                                  DOCKET NO. CV-16-265


COMMITTEE TO RE-ELECT JUDGE    )
ROBERT NADEAU AND ROBERT       )
M.A. NADEAU,                   )
                              )
          Plaintiffs           )
v.                             )        ORDER ON MOTION
                              )        TO DISMISS
TRAVIS LOVEJOY,                )
                              )
          Defendant.           )


Before the Court is Defendant Travis Lovejoy's Motion to Dismiss.


I.      Background

Plaintiffs Committee to Re-elect Judge Robert Nadeau and Robert M.A. Nadeau bring this action seeking relief for the alleged taking and vandalism of campaign signs by Defendant Lovejoy. In the Complaint, Plaintiffs contend that Travis Lovejoy was responsible for posting signs in public roadways advocating against Nadeau's re-election without the sponsor, contact information or posting duration; adding the word "suspended" to signs promoting Nadeau's re-election; and removing and causing injury to signs for Nadeau's re-election from public roadways. Plaintiffs assert counts of trespass to chattels and interference with advantageous opportunities and seek punitive damages.

Defendant moves the Court to dismiss Plaintiffs' Complaint.

1

II.    Standard of Review

In order to survive a motion to dismiss for lack of standing, the plaintiff must show, "that the party, at the commencement of the litigation, has sufficient personal stake in the controversy to obtain judicial resolution of that controversy. *Halfway House v. City of Portland*, 670 A.2d 1377, 1379 (Me. 1996). "To have standing, a party must show they suffered an injury that is fairly traceable to the challenged action and that is likely to be redressed by the judicial relief sought. Further, the injury must be particularized. Put differently, it must be distinct from the harm suffered by the public-at-large." *Collins v. State*, 2000 ME 85, ¶ 6, 750 A.2d 1257.

On review of a motion to dismiss for failure to state a claim, the court accepts the facts alleged in plaintiffs' complaint as admitted. *Saunders v. Tisher*, 2006 ME 94, ¶ 8, 902 A.2d 830. The court "examine[s] the complaint in the light most favorable to plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Doe v. Graham*, 2009 ME 88, ¶ 2, 977 A.2d 391 (quoting *Saunders*, 2006 ME 94, ¶ 8, 902 A.2d 830). "For a court to properly dismiss a claim for failure to state a cause of action, it must appear 'beyond doubt that [the] plaintiff is entitled to no relief under any set of facts that might be proven in support of the claim.'" *Dragomir v. Spring Harbor Hosp.*, 2009 ME 51, ¶ 15, 970 A.2d 310 (quoting *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995)).

2

III.    Discussion

Defendant moves the Court to dismiss Plaintiffs' Complaint as to Plaintiff Robert Nadeau for lack of standing and as to the Committee to Re-elect Judge Robert Nadeau for failure to state a claim.

A.  Standing

Defendant argues that Nadeau does not have standing to bring the current action because the Committee to Re-elect Judge Robert Nadeau, rather than Nadeau personally, owned the signs. Defendant argues that even if Nadeau personally purchased the signs, he donated them to the Committee, leaving Nadeau with no personal interest in the signs and therefore no standing to sue. *Moody v. State Liquor & Lottery Comm'n*, 2004 ME 20, ¶ 8, 843 A.2d 43. In the Complaint and subsequent filings, Nadeau asserts that the signs were owned by both Nadeau personally and by the Committee. For purposes of a motion to dismiss, the court takes the facts alleged in the Complaint to be true. Therefore, for the purpose of this Motion to Dismiss, the Court must assume that the signs were owned by both Nadeau personally and by the Committee. The Court denies Defendant's Motion to Dismiss with respect to Nadeau's personal standing.

B.  Trespass to Chattels

Defendant correctly asserts that there is little Maine authority on the cause of action of trespass to chattels. However, the Court disagrees with Defendant's argument that trespass to chattels has been conflated with conversion. Most recently, the Superior Court has granted judgment on the claim in 2003. *Carver v. Shellfish USA & William Atwood*, Me. Super. LEXIS 19, 2003 WL 1676419 (Me. Super. Ct. Feb. 10, 2003). Trespass to chattels is "the intentional misuse of

3

another's personal property via physical contact with that property which results in the loss of use of that property by its rightful possessor." *Id*. The Court finds that Plaintiffs have asserted sufficient facts to survive this Motion to Dismiss on the count of trespass to chattels.

That said, this claim might be more appropriately brought as a civil violation pursuant to statute. As Plaintiffs mention in their filings, the legislature has provided a specific cause of action for damage caused to signs in a public roadway. *See* 23 M.R.S. § 1917-B.

### C. Intentional Interference with Advantageous Opportunities

Plaintiffs' claim for intentional interference with advantageous opportunities fails because Plaintiffs do not assert facts that show "interference by fraud or intimidation" by Defendant. In order to assert a cause of action for intentional interference with advantageous opportunities, a plaintiff must allege facts sufficient to show "the existence of a valid contract or prospective economic advantage, interference with that contract or advantage through fraud or intimidation, and damages proximately caused by the interference." *James v. MacDonald*, 1998 ME 148, ¶ 7, 712 A.2d 1054.

In order to prove fraud, the complaining party must show that the other party made a false representation of material fact, with knowledge of its falsity or reckless disregard for its truthfulness, for the purpose of inducing another to act or refrain from acting in reliance on it, on which the third person justifiably relied. *Harlor v. Amica Mut. Ins. Co.*, 2016 ME 161, ¶ 34, 150 A.3d 793 (Me. 2016). Intimidation occurs where the party "(1) communicates a statement or threat to a third person ... ; (2) that suggests adverse physical, economic, or emotional consequences to the third person; (3) for the purpose of inducing the third person

4

to act or fail to act regarding the plaintiff ... ; and (4) the third person acts based on the statement or threat, damaging the plaintiff." *Id.* at ¶ 35.

Plaintiffs have not alleged sufficient facts to make out a prima facie case for the element of interference by fraud or intimidation. Plaintiffs do not allege that Defendant made a false statement or threat intended to induce a third party to act or refrain from acting. Therefore, Plaintiffs fail to set out a prima facie case for intentional interference with advantageous opportunities. The Court grants Defendants Motion to Dismiss with respect to Plaintiffs' claim of intentional interference with advantageous opportunities.

D. Punitive Damages

Plaintiffs' final count is for punitive damages. Punitive damages may be awarded where it is proven by clear and convincing evidence that a tort was committed with malice. *Waxler v. Waxler*, 1997 ME 190, ¶ 15, 699 A.2d 1161. The Court denies Defendant's Motion to Dismiss as to Plaintiffs' request for punitive damages because Plaintiffs have alleged that Defendant committed trespass to chattels with malice.

IV.    Conclusion

The Court denies Defendant's Motion to Dismiss with respect to Plaintiffs' claim of trespass to chattels and Plaintiff's standing.

The Court grants Defendant's Motion to Dismiss with respect to Plaintiffs' claim of intentional interference with advantageous opportunities.

Dated: 3/2/17

Lance E. Walker
Justice, Superior Court

5

CV-16-265

ATTORNEY FOR PLAINTIFF:
ROBERT NADEAU
NADEAU LEGAL PLLC
311 ALFRED STREET
BIDDEFORD ME  04005

ATTORNEYS FOR DEFENDANTS:
GENE LIBBY
TYLER SMITH
LIBBY O'BRIEN KINGSLEY & CHAMPION
62 PORTLAND RD, SUITE 17
KENNEBUNK ME  04043