STATE OF MAINE                          SUPERIOR COURT

CUMBERLAND, ss.                        CIVIL ACTION

                                         DOCKET NO. CV-20-521

|  |  |  |
|---|---|---|
| ERICA MONK and KAITLYN COSTANTINO, | ) ) ) |  |
| Plaintiffs, | ) ) ) |  |
| v. | ) ) | ORDER ON DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT |
| WAL-MART STORES EAST, LP, | ) ) |  |
| and | ) ) |  |
| SCOTT T. KING, | ) ) | REC'D CUMB CLERKS OFC APR 3 '23 AM8:59 |
| Defendants. | ) |  |

Before the Court is Defendants Wal-Mart Stores East, LP ("Wal-Mart") and Scott King's

Motion for Partial Summary Judgment. For the reasons set forth herein, the motion is DENIED.

**FACTUAL BACKGROUND**

This case arises out of two separate incidents at the Scarborough Wal-Mart. The first

incident occurred on December 3, 2018. (Def. S.M.F. ¶ 1.) Defendant King, who was at the time

a Wal-Mart employee, detained Plaintiffs Erica Monk and Kaitlyn Costantino for allegedly

shoplifting merchandise worth approximately $24.70 while using self-checkout. (Def. S.M.F. ¶¶

2-4, 63.) King called the Scarborough Police, who issued a summons to both Plaintiffs for theft

and released them on their own recognizance. (Def. S.M.F. ¶¶ 10, 69.) King also issued Plaintiffs

a No Trespass Notice from Wal-Mart, effectively banning them from all Wal-Mart stores. (Def.

S.M.F. ¶¶ 10-11.) Less than a week later, Wal-Mart rescinded the No Trespass Notice and

requested that the charges against Plaintiffs be dropped. (Def. S.M.F. ¶ 15; Pl. Opp. 3.) Wal-Mart

also reprimanded King for detaining Plaintiffs. (Def. S.M.F. ¶¶ 73, 88.)

The second incident occurred on January 24, 2019. (Def. S.M.F. ¶ 17.) Plaintiffs went to the Scarborough Wal-Mart to purchase clothing for a funeral. (Def. S.M.F. ¶ 17.) King again called the Scarborough Police, who arrested Plaintiffs for criminal trespass. (Def. S.M.F. ¶¶ 29, 80.) It is undisputed that Plaintiffs were lawfully on the premises. (Def. S.M.F. ¶ 49.) Two weeks after the second incident, Wal-Mart terminated King. (Def. S.M.F. ¶ 89.) Wal-Mart also reimbursed Plaintiffs' bail. (Def. S.M.F. ¶ 50.)

Plaintiffs filed their Complaint on December 3, 2020, alleging the following eight causes of action: false imprisonment, malicious prosecution, negligent supervision (Wal-Mart only), negligence (Wal-Mart only), negligent infliction of emotional distress, intentional infliction of emotional distress, vicarious liability (Wal-Mart only), and punitive damages. Defendants' Motion for Partial Summary Judgment was docketed on September 12, 2022. Plaintiffs' filed their Opposition on November 4, 2022. Defendants are seeking summary judgment as to the issue of punitive damages.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper when review of the parties' statements of material fact and the record evidence to which they refer, considered in the light most favorable to the nonmoving party, indicates that there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. M.R. Civ. P. 56(c); *Remmes v. The Mark Travel Corp.*, 2015 ME 63, ¶ 18, 116 A.3d 466. A fact is material if it has the capacity to affect the outcome of the case. *Lewis v. Concord General Mut. Ins. Co.*, 2014 ME 34, ¶ 10, 87 A.3d 732. An issue is genuine if the factfinder must choose between competing versions of the truth. *Id.* Summary judgment is not a substitute for a trial. *Arrow Fastener Co. v. Wrabacon, Inc.*, 2007 ME 34, ¶ 18, 917 A.2d 123.

**DISCUSSION**

A plaintiff may seek punitive damages for tortious conduct if a defendant acted with malice. *Tuttle v. Raymond*, 494 A.2d 1353, 1361 (Me. 1985). "Punitive damages are available if the plaintiff can establish by clear and convincing evidence that the defendant's conduct was motivated by actual ill will or was so outrageous that malice is implied." *Laux v. Harrington*, 2012 ME 18, ¶ 35, 38 A.3d 318 (quoting *Waxler v. Waxler*, 1997 ME 190, ¶ 15, 699 A.2d 1161). Defendants argue that punitive damages are unavailable in this case because the facts do not, as a matter of law, support a finding of malice.

The parties' statements of material fact allege two drastically different versions of events for both incidents. As to the first incident, Defendants claim that Plaintiffs freely admitted to shoplifting and that Costantino affirmatively asked King for a pen and paper to write a confession. Plaintiffs allege that they first explained to King that if any items were not scanned properly it was unintentional and they were happy to pay, but that King refused to believe them, threatened them, photographed them, and detained them for more than thirty minutes. Plaintiffs claim that Costantino only agreed to write a false confession after King told Plaintiffs that if one of them confessed he would not press charges against the other. As to the second incident, Defendants claim that King was unaware that Plaintiffs were no longer banned from the store. Plaintiffs allege that King knew Plaintiffs were no longer banned but called the police anyway. Plaintiffs further allege that King called them names, laughed at them, and instructed the police to take Plaintiffs to county jail rather than local.

Material facts remain in dispute as to numerous aspects of this case. Perhaps most significantly, the parties disagree as to King's intent and motivation in calling the police on January 24, 2022. *See Hale v. R.C. Hazelton*, No. CV-07-277, 2008 Me. Super. LEXIS 106, at *12-14

3

(May 5, 2008). To grant summary judgment, the Court would be forced to choose between two competing versions of the truth. *Lewis*, 2014 ME 34, ¶ 10, 87 A.3d 732. Summary judgment is thus improper and Defendants' Motion must be denied.

**Entry is:**

Defendants' Motion for Partial Summary Judgment is Denied. The clerk is directed to incorporate this order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated: 3|31|23

John O'Neil Jr.
Justice, Maine Superior Court

Entered on the Docket: 4/3/2023

4